**Marvin JACKSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 12–93–00141–CR.**

Court of Appeals of Texas, Tyler.

March 11, 1994.

Rick McPherson, Carthage, for appellant.

Morris Samford, Jr., County Atty., Carthage, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

HOLCOMB, Justice.

Appellant pled guilty to the offense of second degree possession of marihuana. The trial court assessed his punishment at eight (8) years imprisonment, probated for eight (8) years and a fine of $4,750, which was not probated. The punishment assessed by the court was pursuant to a plea bargain between the State and Appellant. Appellant specifically retained the right to appeal pre-

trial matters raised by written motion. In a single point of error, Appellant asserts he was denied his right to a speedy trial. We will affirm.

The right to a speedy trial is guaranteed by the Sixth Amendment to the UNITED STATES CONSTITUTION as applied through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The same right is assured by Article I, section 10 of the TEXAS CONSTITUTION and Article 1.05 of the TEXAS CODE OF CRIMINAL PROCEDURE.

In determining whether an accused has been denied the right to a speedy trial, we must employ a balancing test as set out by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to be considered are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay. We will consider each of these factors.

The length of the delay is measured from the time the defendant is formally accused or arrested until the time of trial. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). No specific length of delay automatically constitutes a violation of the right to a speedy trial. *Hull v. State*, 699 S.W.2d 220 (Tex.Cr.App.1985); *Easley v. State*, 564 S.W.2d 742, 744 (Tex.Cr.App.1978), *cert. denied*, 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978). In the present case, Appellant was indicted for the felony offense of possession of marihuana in September of 1988, along with Eddie Spencer, as a result of being stopped in Panola County for a traffic offense.

Appellant pled "guilty" on April 26, 1993; a period of four (4) years and seven (7) months elapsed from the date of arrest to the date of trial. Such a delay is more than sufficient to require further examination of Appellant's speedy trial claim. *See Chapman v. Evans*, 744 S.W.2d 133, 136 (Tex.Cr.App.1988). In considering the reason for the delay, different weight should be assigned to different reasons. Deliberate attempts to

hamper the defense weigh heavily against the State. Most instances of delay will be caused by neutral reasons such as over-crowded court dockets, which weighs less heavily against the State. The reason for the delay in the present case is really not well developed in the record, however, there is no evidence of any deliberate or intentional acts by the State or the trial court in an effort to delay Appellant's trial. We notice that on October 31, 1988, the State, in the court's docket entry, announced "Ready" for trial. Appellant did not announce "Ready" until April of 1993. There is no indication in the record that Appellant ever requested a trial setting. However, there was some collateral activity in the case which had an effect on this case. There was a contested forfeiture trial on September 8, 1988, in which Appellant's vehicle was forfeited under former TEXAS REVISED CIVIL STATUTES ANN. article 4476–15, section 5.03(a)(5) (Vernon Supp.1989), which was appealed to this Court. *1988 Cadillac VIN6D69A9168646, Indiana License No. ZU4–652 v. State.* The opinion was delivered on March 13, 1989 affirming the forfeiture, but was not published. Appellant has had the same attorney throughout these proceedings. There was also evidence in the record that the District Judge and the (then) District Attorney divided their time between Panola and Shelby counties. It was introduced into the record that there were over 300 cases pending in Panola County. It appears that a large number of drug cases had been filed in Panola County arising from traffic stops made on Highway 59 in which the vehicles' occupants possessed drugs. The District Attorney had asked Appellant's attorney to provide him with a list of the old cases he wanted disposed of and this was furnished to the newly elected District Attorney. Appellant's case was among others that were set for trial. We find that the corollary issue involving the seizure of the automobile and the crowded court docket are valid reasons and should weigh against a speedy trial claim.

We now turn to determine Appellant's assertion of his rights. A defendant's assertion of his right to a speedy trial is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. A failure to assert the right however will make it difficult to prove that he was denied a speedy trial. *Barker,* 407 U.S. at 531–32, 92 S.Ct. at 2192–93. As previously stated, Appellant did not file a motion for speedy trial until April 21, 1993, immediately prior to entering his plea of "guilty." Appellant's counsel (for trial and this appeal) was appointed on October 31, 1988. By court order, all pre-trial motions by Appellant were to be filed on or before December 9, 1988. Appellant's attorney, on November 18, 1988, filed discovery motions; however, no motion for speedy trial was filed at that time. Appellant took no action until the April 1993 trial setting. Based upon our review of the record before us, it is clear that Appellant did not timely assert his right of speedy trial.

We now turn to whether the trial delay caused prejudice to the Appellant. There are three interests to be considered when determining prejudice to the defendant. These are: (1) to prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be prepared. *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193. "Actual prejudice" is not required. The defendant must only make "some showing" that the delay has been prejudicial. *Phillips v. State,* 650 S.W.2d 396 (Tex.Cr. App. [panel op.] 1983). The first consideration of pre-trial incarceration is not alleged in Appellant's brief. We note in the record that Appellant testified that he reported whenever he was told, and that he kept in touch with his bondsman. It would appear that he was not incarcerated for any length of time. In arguing that the defense was impaired, Appellant contends that Eddie Spencer, Appellant's co-defendant, had died, however, there is nothing in the record to indicate what Spencer's testimony would have been or how it would have benefitted Appellant.

We now engage in the balancing process of the factors to determine whether Appellant was deprived of the right to a speedy trial. *See Barker,* 407 U.S. at 533, 92 S.Ct. at 2193. We find the delay was not

brought about by the prosecution, as they had requested an early trial setting. The unavailability of a trial court and the heavy burden of the trial docket were definitely material factors explaining the delay. The more controlling factors are Appellant's failure to assert his right to a speedy trial, and his failure to make some showing of prejudice resulting from the delay. Under the circumstances of this case, we hold that Appellant was not constitutionally denied his right to a speedy trial.

The trial court's judgment is affirmed.