Chad A. UPTERGROVE, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–93–00066–CR.

Court of Appeals of Texas,
Texarkana.

Submitted July 1, 1994.

Decided July 26, 1994.

Rehearing Overruled July 26, 1994.

John Skotnik, Bonham, for appellant.

James Moss, Dist. and County Atty., Bonham, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Chad Allen Uptergrove was convicted of capital murder after the juvenile court waived its jurisdiction and transferred him to the district court for trial as an adult. Pursuant to TEX.CODE CRIM.PROC.ANN. art. 37.-071, § 1 (Vernon Supp.1994), the trial court assessed his punishment, which was set at confinement for life.

On appeal, Uptergrove contends that he was denied a fair trial because he was seen in jail clothing by some jurors; that the trial court improperly commented about an appeal of the case; that the prosecution should have been dismissed pursuant to the provisions of Article 32.01 of the Code of Criminal Procedure due to an untimely indictment; and that he was denied effective assistance of counsel by having only one appointed counsel. We overrule all of these contentions and affirm the judgment.

■ Uptergrove first asserts reversible error because he was seen in jail clothing by some of the jurors. We find that he has failed to preserve error with regard to this alleged occurrence. He has not brought forth a record that shows whether or not the event actually occurred; under what circumstances and for how long he was seen by jurors; or that he was prejudiced or harmed

in any way by the event. *See Pittman v. State,* 488 S.W.2d 89 (Tex.Crim.App.1972). Moreover, if the allegations Uptergrove makes in his brief are true, it appears that any exposure of him in jail garb was momentary and fortuitous. The exposure did not occur at the trial, but apparently just as he was moving through a passageway in the courthouse. Under these circumstances, reversible error is not shown. *See Clark v. State,* 717 S.W.2d 910 (Tex.Crim.App.1986); *Bigley v. State,* 831 S.W.2d 409 (Tex.App.—Austin 1992), *aff'd,* 865 S.W.2d 26 (Tex.Crim. App.1993).

■ Secondly, Uptergrove contends that the trial court improperly commented on the evidence when he told the prospective jurors while he was qualifying the panel that:

> [E]verything we do here today and this week is going to be reviewed by a 3 judge panel in Texarkana. If we don't follow the law to the letter, then what we have done would be in vain. At this time the jury is going to be reshuffled.

Uptergrove argues that the court's comment implied that there would be a conviction and thus implied that the judge believed that Uptergrove was guilty. We do not agree. The court was speaking about the requirement to reshuffle the panel. There is no indication that the court thought Uptergrove was guilty or that the jury would ultimately convict him. Either the State or the defendant can appeal a criminal case under proper circumstances, and we do not think a jury would or could reasonably take a comment such as this as an indication that the court was expressing an opinion on Uptergrove's guilt or innocence.

■ Next, Uptergrove contends that the court should have dismissed this case because Article 32.01 of the Code of Criminal Procedure was violated. That statute provides that:

> When a defendant has been detained in custody ... to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed ... if indict-

ment ... be not presented against such defendant at the next term of court which is held after his commitment....

TEX.CODE CRIM.PROC.ANN. art. 32.01 (Vernon 1989). Uptergrove claims that he was held in custody for over a year and through more than two terms of the court before he was indicted. We overrule this contention.

By its plain language, Article 32.01 applies only to a criminal accusation before the district court. It does not apply to a juvenile proceeding to determine whether a juvenile is to be transferred to district court to be tried as an adult. Such a proceeding is not a "criminal accusation," and it is not "before the district court." Here, Uptergrove was finally transferred to the district court on April 5, 1993. He was indicted on May 27, 1993, seven weeks after final transfer and during the same term of court. Moreover, even if Article 32.01 applied to juvenile transfer proceedings, relief under Article 32.01 was not available. Once an indictment has been returned, a defendant cannot use Article 32.01 to quash the indictment, even if he sought dismissal prior to the indictment. *Tatum v. State*, 505 S.W.2d 548 (Tex.Crim. App.1974); *Garay v. State*, 683 S.W.2d 21 (Tex.App.—Waco 1984, pet. ref'd).

 In his last two points, Uptergrove contends that he was denied effective assistance of counsel and that cumulative errors by the trial court require reversal.

The only ground Uptergrove claims for ineffective assistance of counsel is that the court appointed only one counsel for the defense. Uptergrove claims that the seriousness and complexity of this case required that at least two defense counsel represent him.

Failure to appoint more than one defense counsel does not per se amount to ineffective assistance of counsel. TEX.CODE CRIM.PROC. ANN. art. 26.04(a) (Vernon 1989). Ineffective assistance of counsel is shown only where the defendant demonstrates that his counsel rendered assistance that fell below an objective standard of reasonableness and that, but for such defective assistance, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986). Uptergrove has made no such showing here. *See Hawkins v. State*, 660 S.W.2d 65, 75 (Tex. Crim.App.1983).

As we have found no error, the claim of cumulative error must fail as well. For the reasons stated, the judgment of the trial court is affirmed.