**Dwayne E. FISK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00184–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 22, 1997.

Decided Dec. 23, 1997.

Connie Mitchell, Texarkana, for appellant.

Alwin A. Smith, Assistant District Attorney, Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Dwayne Fisk appeals the denial of his preconviction writ of habeas corpus, which he filed after he was indicted for a murder in Hooks, Texas. We will affirm this denial.

In his sole point, Fisk contends that the trial court erred in denying his discharge from bail and in denying the dismissal of his indictment with prejudice because he was not indicted within two grand jury terms of his arrest in accordance with Texas Code of Criminal Procedure Article 28.061 and Article 32.01.

The terms of the 202nd District Court in Bowie County are January, April, July, and October. TEX. GOV'T CODE ANN. § 24.381(d) (Vernon 1988). Fisk was arrested in July 1992. He was released on bond three months later. In December 1992, the Hooks Police Department turned over their investigation to the district attorney. Fisk was indicted for the murder in July 1995, three years after he was arrested. There is no dispute that eleven grand jury terms passed from the time he was arrested to the time he was indicted. Over two years after he was indicted, on August 28, 1997, Fisk filed a writ of habeas corpus based solely on Article 32.01. On September 2, 1997, the court held a hearing on the writ. The State did not contest the dates alleged by Fisk or attempt to show good cause for the delay. After hearing testimony from one defense witness, and after considering this Court's language in *Uptergrove v. State*, 881 S.W.2d 529, 530–31 (Tex.App.—Texarkana 1994, writ ref'd), the trial court denied Fisk's request for habeas corpus relief.

## HISTORY of ARTICLE 28.061 and ARTICLE 32.01

To fully understand the issue concerning untimely indictments and their ensuing effect, a brief history of statutory language and its interpretation is appropriate.

Prior to May 1997, Article 32.01 provided:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant *at* the next term of the court which is held after his commitment or admission to bail.

TEX.CODE CRIM. PROC. ANN. art. 32.01 (emphasis added), *amended by* Act of May 12, 1997, 75th Leg., R.S., ch. 289, § 2, 1997 Tex. Gen. Laws 1304.

In 1974, the Texas Court of Criminal Appeals held that Article 32.01 had no application once an indictment is returned, although it is returned by a grand jury subsequent to the next term of court after the defendant was held to bail or detained in custody. *See Tatum v. State*, 505 S.W.2d 548, 550 (Tex. Crim.App.1974). At the time *Tatum* was decided, Article 28.061 provided as follows:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial *as required by Article 32A.02* is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction.

Act of May 20, 1977, 65th Leg., R.S., ch. 787, 1977 Tex. Gen. Laws 1970, 1972 (emphasis added), *amended by* Act of June 1, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws. 1885, *amended by* Act of May 12, 1997, 75th Leg., R.S., ch. 289, § 1, 1997 Tex. Gen. Laws 1304. Article 28.061 was an enforcement mechanism for TEX.CODE CRIM. PROC. ANN. art. 32A.02 (Vernon 1989) and did not include a provision for dismissal with prejudice for a violation of Article 32.01. Instead, the State was free to refile charges once the court dismissed the case under Article 32.01. Thus, the defendant was provided only temporary relief until the State refiled the charges. *State v. Ybarra*, 942 S.W.2d 35, 38 (Tex.App.—Corpus Christi 1996, pet. granted).

In 1987, the Legislature amended Article 28.061 so that it was applicable to Article 32.01. Article 28.061 provided as follows:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge *under this Article or Article 32.01* of this code, is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

Act of June 1, 1987, 70 th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws. 1885 (emphasis added), *amended by* Act of May 12, 1997, 75 th Leg., R.S., ch. 289, § 1, 1997 Tex. Gen. Laws 1304. Thus, according to certain case law, further prosecution is barred when a defendant is arrested or released on bail and is not indicted by the grand jury within its next term of court, unless the State can show good cause for its failure to bring a timely indictment. *See Ybarra,* 942 S.W.2d at 36.

With the Article 28.061 amendment intact, certain appellate courts began to hold that the *Tatum* rationale no longer applied. *See Ex parte Lawson,* No. 04–96–00265–CR, 1996 WL 735475, at *4–*5, —— S.W.2d ——, —— – —— (Tex.App.—San Antonio Dec.26, 1996, no pet. h.)(overruling *Wilkinson v. State,* 899 S.W.2d 20 (Tex.App.—San Antonio 1995, pet. ref'd));*Ybarra,* 942 S.W.2d at 38; *Norton v. State,* 918 S.W.2d 25, 28 (Tex. App.—Houston [14 th Dist.] 1996, pet. granted)(basing decision on dicta in *Ex parte Knight,* 904 S.W.2d 722 (Tex.App.—Houston [1 st Dist.] 1995, pet. ref'd)); *Knight,* 904 S.W.2d at 725. In dicta, the *Knight* court reasoned that before the application of Article 28.061, a defendant had no right to a dismissal with prejudice for an Article 32.01 violation and, within that legal context at that time, the *Tatum* holding made sense. It made sense because of the *Tatum* rationale: " 'it would be a useless act to dismiss the accused under the old charges where a new indictment required the defendant to be reincarcerated.' But, the court concluded, since

*Tatum* preceded the 1987 amendment to article 28.061, ... thereby giving the defendant a right to dismissal of the charges with prejudice, the rationale of *Tatum* no longer applies." *Holleman v. State,* 945 S.W.2d 232, 235 (Tex.App.—Amarillo 1997, pet. filed)(citing *Knight,* 904 S.W.2d at 724–25).

Conversely, other courts, including this Court, continued to follow *Tatum* and determined that the key and proper remedy for the accused but unindicted is to seek and obtain a ruling on an Article 32.01 motion *prior to* indictment. *See State v. Condran,* 951 S.W.2d 178, 191–92 (Tex.App.—Dallas 1997, pet. granted)(adopting reasoning in cases decided prior to 1987 and holding Article 32.01 complaints as moot if not ruled on prior to indictment because Article 28.061 is unconstitutional); *Holleman,* 945 S.W.2d at 235–36; *Uptergrove,* 881 S.W.2d at 531 (stating in dicta that once indictment is returned, defendant cannot use Article 32.01 to quash indictment, even if defendant sought dismissal prior to indictment). In *Holleman,* the appellate court analyzed and rejected the dicta of *Knight* as well as the holding in *Norton,* which, unlike *Tatum,* was not reviewed by the Court of Criminal Appeals. *Holleman,* 945 S.W.2d at 235. The *Holleman* court stated:

The reasoning of each court for disowning the *Tatum* holding is founded on the 1987 amendment making article 28.061 applicable to article 32.01; however, by its explicit language, article 28.061 does not become applicable until "a motion to set aside an indictment ... for failure to provide a speedy trial *is sustained.*" (Emphasis added.) Thus, article 28.061 has no bearing on whether an article 32.01 motion should or should not be sustained.

.... Insofar as our research has revealed, the *Tatum* decision is the latest decision on the subject by the Court of Criminal Appeals, and we have no authority to circumvent it.

*Id.* at 236.

In May 1997, the Texas Legislature amended Article 28.061 and Article 32.01, both of which are effective only for offenses

occurring on or after May 26, 1997. Article 28.061 now states:

### Art. 28.061. Discharge for Delay

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge *under this article* is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

TEX.CODE CRIM. PROC. ANN. art. § 28.061 (Vernon Supp.1998) (emphasis added). Article 32.01 now provides:

### Art. 32.01. Defendant in Custody and No Indictment Presented

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant *on or before the last day* of the next term of the court which is held after his commitment or admission to bail *or on or before the 180*[th] *day after the date of commitment or admission to bail, whichever date is later.*

TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon Supp.1998) (emphasis added).[1]

On June 4, 1997, the Texas Court of Criminal Appeals granted petitions for discretionary review on *Norton* and *Ybarra.*

### ANALYSIS

Although the latest legislative changes arguably place a defendant in the same position he would have been before *Ybarra* and *Norton,* we must apply the law in effect when Fisk was arrested, not as we might prefer it to be. *See Ex parte Pena,* 955 S.W.2d 325,

327 (Tex.App.—San Antonio, 1997, no pet. h.).

In the instant case, although Fisk's appellate brief incorporates Article 28.061 into his argument, his application for writ of habeas corpus requested relief under Article 32.01 only, not Article 28.061. Because we agree with the analysis made by the *Holleman* court quoted above, we hold that Fisk is not entitled to the relief sought because he did not seek to have his indictment set aside pursuant to Article 28.061 for failure to provide a speedy trial, and because he did not seek and obtain relief pursuant to Article 32.01 prior to indictment. This result is consistent with the dicta supporting our decision in *Uptergrove.* Fisk's point of error is overruled.

The judgment of the trial court is affirmed.

---

1. The 75th Legislature also enacted TEX.CODE CRIM. PROC. ANN. art. 15.14 (Vernon Supp.1998), which specifically permits the defendant's rearrest for the same offense if prosecution has been dismissed under Article 32.01.