**Bruce Randall STEINMETZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–97–00080–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 12, 1998.

Decided March 24, 1998.

---

Lance W. Hinson, Mount Pleasant, for appellant.

Richard Townsend, County Atty., Daingerfield, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

OPINION

CORNELIUS, Chief Justice.

Bruce Randall Steinmetz was convicted of the state jail felony of delivery of marihuana. A jury assessed his punishment at two years' confinement and a fine of $3,000.00.

Steinmetz contends that the trial court erred (1) in denying his application for writ of habeas corpus seeking dismissal of the charge pursuant to Articles 32.01 and 28.061 of the Texas Code of Criminal Procedure, and (2) in refusing to quash the indictment

1. TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon 1989), *amended by* Act of May 12, 1997, 75th Leg., ch. 289, § 2, 1997 Tex. Gen. Laws 1304.

because his constitutional right to a speedy trial was violated.

The offense occurred on September 27, 1995. On January 31, 1996, Steinmetz was arrested and released on bond. He was indicted on June 18, 1996. When he appeared at docket call in September 1996, he requested a court-appointed attorney, but his request was denied. He returned to docket call in November 1996 and again requested the court to appoint him an attorney. The court granted that request on November 5, 1996. In January 1997, Steinmetz appeared at docket call with his attorney and agreed to a continuance. At the February docket call, which set criminal cases for February and March, the State requested that the case be set for trial, and Steinmetz requested another continuance. The trial court set the case for March.

On February 26, 1997, Steinmetz filed his application for writ of habeas corpus seeking dismissal under Articles 32.01[1] and 28.061[2] of the Code of Criminal Procedure and his speedy trial motion. The trial court granted the application and issued the writ. On March 7, 1997, the State filed its response to the writ and attached an affidavit alleging good cause for its failure to bring a timely indictment. The court conducted a hearing on March 10, 1997, and after hearing argument as to which court term applied, determined that Steinmetz was timely indicted in the May 1996 term of the 76th Judicial District Court. The court ruled (1) that Article 32.01 was unconstitutional because it impermissibly infringed on prosecutorial discretion and was vague; (2) that the Article 32.01 claim was moot; and (3) that the State had shown good cause for delay.

■ The first issue is whether the trial court correctly ruled that Article 32.01 is unconstitutional. We must always construe a statute as constitutional if it is possible to do so. *Ex parte Mallares*, 953 S.W.2d 759 (Tex. App.—Austin 1997, no pet. h.).

2. TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon 1989), *amended by* Act of May 12, 1997, 75th Leg., ch. 289, § 1, 1997 Tex. Gen. Laws 1304.

The Court of Appeals for the 14th District in Houston was the first court to address the constitutionality of Article 32.01. *Norton v. State*, 918 S.W.2d 25, 28–29 (Tex. App.—Houston [14th Dist.] 1996, pet. granted).[3] The court in *Norton* found that Article 32.01 was constitutional and did not infringe upon prosecutorial discretion so unreasonably as to violate the constitutionally mandated separation of powers. *Norton v. State*, 918 S.W.2d at 29.

The State relies primarily on *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987), to support its contention that Article 32.01 is unconstitutional. *Meshell* did not involve Article 32.01, but the court held that the Speedy Trial Act was unconstitutional because it failed to incorporate the factors articulated by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)[4] to determine whether an accused was denied his constitutional right to a speedy trial. *Meshell v. State*, 739 S.W.2d at 257. The Court of Criminal Appeals found that the Act went beyond effectuating constitutional protection and became an impermissible infringement on the prosecuting attorney's discretion, thereby violating the separation of powers. *Id.; Norton v. State*, 918 S.W.2d at 29.

The court in *Norton* held that, unlike the Speedy Trial Act, Article 32.01 does not unreasonably infringe on the prosecutor's discretion, and that requiring the State to formally charge a defendant within a specified time is far less burdensome than requiring it to be ready for trial within a specified time. *Id.* Further, the court noted that Article 32.01 includes a good cause exception, which acts as a procedural safeguard by which a prosecutor can present factors that might justify an untimely indictment, including the *Barker* factors. *Norton v. State*, 918 S.W.2d

at 29. Based on *Norton* and the other authorities cited, we conclude that Article 32.01 does not unconstitutionally infringe on prosecutorial discretion.

With regard to vagueness, the trial court stated at the pretrial hearing:

This statute in multi-district counties with multi-district courts, particularly in counties where there's common dockets and case transfer by statute without assigning, or operating common dockets, this statute is too vague so that the State or the defendant can read that statute and with reasonably (sic) certainty understand what they have to do and the penalties of failing to so do. Or to read and with reasonable certainty understand the benefits and what has to happen to acquire those benefits.

At the conclusion of that hearing, the court stated:

[F]actually [this case] doesn't fit under the Courts (sic) of Criminal Appeals cases, because it appears that in this case probably the defendant was indicted within the second term of the 76th District Court and that that is the Court that this defendant probably has to look at to apply the statute. . . .

. . . .

. . . I'm ruling this statute to be unconstitutional for vagueness and for impermissible infringement of prosecutorial discretion. I'm holding that it's moot. I'm holding that good cause has been shown. And I'm holding, to begin with, this case doesn't fit under the Courts of Appeals cases [*Norton* and *Lawson*]. . . .

Indictments must be timely. Because "timely" is subject to different interpretations, the legislature defined its meaning when it enacted Article 32.01. *Ex parte Lawson*, 966 S.W.2d 532 (Tex.App.—San An-

---

3. Since *Norton*, other courts have also found Article 32.01 constitutional. *See State v. Condran*, 951 S.W.2d 178 (Tex.App.—Dallas 1997, pet. granted) (holding Article 32.01 constitutional and Article 28.061 unconstitutional); *Ex parte Mallares*, 953 S.W.2d 759 (Tex.App.—Austin 1997, no pet. h.)(differentiating Article 32.01 from Speedy Trial Act and holding that Article 32.01 does not impermissibly interfere with prosecutor's discretion).

4. The factors considered when a trial is delayed include (1) the length of delay before trial, (2) the reason for delay before trial, (3) the defendant's assertion of his right to a speedy trial, and (4) any prejudice resulting from delay of the trial. *Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); *Norton v. State*, 918 S.W.2d 25, 28 n. 6 (Tex.App.—Houston [14th Dist.] 1996, pet. granted).

tonio Dec.26, 1996, no pet. h.). Article 32.01 states:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the *next term* of the court which is held after his commitment or admission to bail.

Tex.Code Crim. Proc. Ann. art. 32.01 (Vernon 1989) (amended 1997) (emphasis added).

Steinmetz relies on *Lawson*, where the court stated, "As statutes go this is not overly difficult to understand. The prosecution of the defendant shall be dismissed unless the indictment ... is presented against the defendant at the next term of court." *Ex parte Lawson*, at 533. This case presents a different situation from that in *Lawson*. In *Lawson*, there was only one court in the county. In this case, there are two. The *Norton* case did involve a county with two district courts, but the court in that case did not discuss the vagueness aspect of Article 32.01 when applied to multi-court districts.

The *Norton* court determined, *inter alia*, that only one of two district courts within Brazoria County should be considered when applying Article 32.01. The court concluded that because no formal transfer of the case was made from the 23rd District Court to the 239th District Court, and because all papers relating to the action referenced the 23rd District Court only, the appropriate court's time line from which to determine if an indictment was timely was only the 23rd District Court. *Norton v. State*, 918 S.W.2d at 27.

Terms of court are defined by statute. Two district courts in Morris County have concurrent jurisdiction, the 76th Judicial District Court and the 276th Judicial District Court. Tex. Gov't Code Ann. §§ 24.178, 24.453 (Vernon 1988). The terms of the 76th Judicial District Court begin on the first Mondays in January, May, July, and November and the third Monday in September. Tex. Gov't Code Ann. § 24.178(e)(2). The terms of the 276th Judicial District Court begin on the first Mondays in February, March, and September. Tex. Gov't Code Ann. § 24.453(b)(2).

The indictment against Steinmetz states that it was issued by "[t]he Grand Jurors for the County of Morris, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the June, Term, A.D.1996, of the 276th Judicial District Court." There is no June term for either the 76th or the 276th Court in Morris county. Thus, we must determine, if possible, to which court the indictment was returned.

The issue here is made more difficult by the fact that both the 76th and the 276th District Courts have continuous terms. Because of that fact, grand juries and others may refer to the court's "term" as the month in which the action is actually taken.

Based on the schedule of the 76th and 276th Judicial District Courts' terms, Steinmetz was arrested and released on bond during the January 1996 term of the 76th District Court, which began on the first Monday in January 1996 and ended on the first Monday in May 1996, or the September 1995 term of the 276th District Court, which began on the first Monday in September 1995 and ended on the first Monday in February 1996.

The trial court determined that because the grand jury's minute book expressly stated the indictment was returned at the May term, it was reasonable to find that the minutes corresponded with the court that actually has a May term, namely, the 76th District Court. This is a reasonable conclusion, especially considering that the 276th District Court had an active March term grand jury working, which means that a second impaneled grand jury during the March term for the 276th District Court would have been unauthorized.

Although it is reasonable to find that the indictment was issued in the May 1996 term of the 76th District Court for the reasons already stated, the question remains whether the "next" term of court following the Janu-

ary 31, 1996 arrest and release on bail was the May 1996 term of the same 76th District Court or the February 1996 term of the 276th District Court. Based on *Norton*, Article 32.01 is not unconstitutionally vague because the "next" term refers to the next term of the *same* court, meaning the 76th District Court. Thus, the indictment was timely because the arrest and release on bail occurred during the preceding term for *that* court, which was January 1996.

■ Even if the indictment was untimely under Article 32.01, Steinmetz was required to complain *prior to* indictment. Because he failed to do so, his complaint under that article is moot. *Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Crim.App.1974); *Fisk v. State*, 958 S.W.2d 506 (Tex.App.—Texarkana 1997, no pet. h.); *State v. Condran*, 951 S.W.2d 178, 180 (Tex.App.—Dallas 1997, pet. granted); *Holleman v. State*, 945 S.W.2d 232, 236 (Tex.App.—Amarillo 1997, no pet. h.).[5]

Moreover, in 1996, Article 28.061 provided:

If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this Article or Article 32.01 of this code, is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction, other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute.

TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon 1989) (amended 1997).[6] By its own words, Article 28.061 is not triggered until a discharge is first obtained under Article 32.01. *See Holleman v. State*, 945 S.W.2d at

236. That never occurred because Steinmetz's motion to set aside the indictment was not sustained. This contention is therefore moot.

■ Steinmetz contends, however, that since he did not have an appointed attorney until after he was indicted, the requirement that he file an application for writ of habeas corpus before he was indicted violates his due process and equal protection rights. To support this contention, Steinmetz cites *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), and *Roberts v. LaVallee*, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967), both of which consider an indigent defendant's rights.

*LaVallee* is not on point because it dealt with an indigent defendant's equal protection right to obtain a free transcript, not with the right to file a writ of habeas corpus. Likewise, *Ake* is dissimilar because the court there ruled that when an indigent defendant makes a preliminary showing that his sanity at the time of the offense is likely to be a significant issue at trial, the Constitution requires that the state provide the defendant access to a psychiatrist if the defendant cannot afford one. Steinmetz has not cited us to any authority that holds that an indigent defendant has a right to have court-appointed counsel when filing a writ of habeas corpus to seek a dismissal for failure to receive a timely indictment.

■ Both the state and federal constitutions guarantee an accused the right to assistance of counsel in all criminal prosecutions. *See* U.S. CONST. amend. VI.; TEX. CONST. art. I, § 10; *see also* TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977) & art. 1.051 (Vernon Supp.1998)[7]; *Francis v. State*, 909

---

**5.** There is a conflict between the holdings of some courts of appeals on this point. *See State v. Ybarra*, 942 S.W.2d 35 (Tex.App.—Corpus Christi 1996, pet. granted); *Norton v. State*, 918 S.W.2d 25 (Tex.App.—Houston [14th Dist.] 1996, pet. granted); *Ex parte Lawson*, 966 S.W.2d 532 (Tex. App.—San Antonio 1996, no pet. h.). We believe the legislative intent on this issue is illustrated by the legislature's amendment of Article 28.061 deleting the requirement for a dismissal without prejudice. For a more detailed account of this question, see our decision in *Fisk v. State*, 958

S.W.2d 506 (Tex.App.—Texarkana 1997, no pet. h.).

**6.** The 75th Legislature amended Article 28.061 and deleted the reference to Article 32.01. TEX. CODE CRIM. PROC. ANN. art. § 28.061 (Vernon Supp. 1998).

**7.** Article 1.051 states:

An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result

S.W.2d 158, 165 (Tex.App.—Houston [14th Dist.] 1995, no pet.). It is firmly established that this right attaches only at or after the initiation of adversary proceedings against the defendant. *United States v. Gouveia,* 467 U.S. 180, 187, 104 S.Ct. 2292, 2296–97, 81 L.Ed.2d 146 (1984); *Francis v. State,* 909 S.W.2d at 165. Adversary proceedings include formal charge, preliminary hearing, indictment, information, or arraignment. *United States v. Gouveia,* 467 U.S. at 188, 104 S.Ct. at 2297; *Fuller v. State,* 829 S.W.2d 191, 205 (Tex.Crim.App.1992). "It is only at that time 'that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law.'" *Gouveia,* 467 U.S. at 189, 104 S.Ct. at 2298 (quoting *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972)). Because a writ of habeas corpus seeking a dismissal for failure to present a timely indictment precedes the indictment itself, it is not an adversary proceeding that invokes Steinmetz's right to counsel.

Moreover, Steinmetz filed his writ almost four months after counsel was appointed and, more importantly, over eight months after he was indicted. His delay in filing the writ is not indicative of a defendant complaining of an untimely indictment. *See Harris v. State,* 827 S.W.2d 949, 957 (Tex.Crim.App.1992); *Phillips v. State,* 650 S.W.2d 396, 401 (Tex. Crim.App. [Panel Op.] 1983).

 Additionally, we find that the trial court correctly found that the State showed good cause for the delay. "Good cause" is undefined. *State v. Condran,* 951 S.W.2d at 182. Whether good cause is shown is within the discretion of the trial court. *Ex parte*

*Mallares,* 953 S.W.2d at 764. In determining whether the trial court abused its discretion in finding good cause, we focus primarily on the State's reasons for delaying the presentation of the case to the grand jury, which were work overload, staff shortage, and possible credibility problems with the grand jury. The district court could consider the short, one-month court term in February 1996 that confronted the prosecutor, the prosecutor's multiple responsibilities without any assistance, and the prosecutor's desire to abstain from any possible bias or credibility problems with the March 1996 court term. There is no evidence that the State deliberately sought to delay the prosecution of this case. *See id.* at 765. Thus, the trial court did not abuse its discretion in finding that the State showed good cause.

 Steinmetz also contends that his constitutional right to a speedy trial was violated. Notwithstanding *Meshell*'s holding that the Speedy Trial Act was unconstitutional, the right to a speedy trial still exists in Texas. *See* TEX.CODE CRIM. PROC. ANN. art. 1.05.[8] Speedy trial violations are determined on a case-by-case basis, considering the following four-factor balancing test set forth in *Barker:* (1) the length of the delay, (2) assertion of the right to a speedy trial, (3) the causes for the delay, and (4) prejudice to the defendant. *Barker v. Wingo,* 407 U.S. at 531, 92 S.Ct. at 2192. The burden of excusing the delay rests with the State. *Phillips v. State,* 650 S.W.2d 396.

The first factor is the length of the delay. Steinmetz contends that the delay of his trial of over eight months after his arrest is presumptively unreasonable and prejudicial and that an ordinary and routine case such as this one should not be delayed without adequate explanation by the State.

 Before a review of the remaining three factors is triggered, the delay in com-

---

in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation. If an indigent defendant is entitled to and requests appointed counsel, the court shall appoint counsel to represent the defendant as soon as possible.
TEX.CODE CRIM. PROC. ANN. art. 1.051(c) (Vernon Supp.1998).

8. Article 1.05 of the Texas Code of Criminal Procedure provides in part that "[i]n all criminal prosecutions the accused shall have a speedy public trial by an impartial jury." TEX.CODE CRIM. PROC. ANN. art. 1.05 (Vernon 1977).

mencement of the trial must be of sufficient length to be presumptively prejudicial. *Pierce v. State*, 921 S.W.2d 291, 294 (Tex. App.—Corpus Christi 1996, no pet.). The length of time is measured from the time of arrest or formal accusation. *Id.* No specific length of delay automatically constitutes a violation of the right to a speedy trial. *Jackson v. State*, 873 S.W.2d 110, 111 (Tex.App.—Tyler 1994, no pet.). Delays of eight months or longer are generally considered presumptively unreasonable and prejudicial. *Pierce v. State*, 921 S.W.2d at 294. Regardless of whether we measure time by the date of his arrest or the date of his indictment, at least eight months had lapsed. Thus, we review the remaining *Barker* factors.

The second factor is the assertion of the right to a speedy trial. Steinmetz contends that although he failed to request a speedy trial, as an indigent defendant who had not yet received appointed counsel, he was unaware that the speedy trial right existed. The State's delay prejudiced his case to the extent that his only possible remedy was to seek a dismissal of the indictment, which he did and has already been discussed above. He relies on *Phillips v. State*, 650 S.W.2d at 403.

*Phillips* is factually dissimilar to the present case. In *Phillips*, the State's negligence caused a seventeen-month delay between the indictment and trial, and a thirteen-month delay between the indictment and the time Phillips learned that he had been accused. *Id.* at 403. The court reasoned that because he was not promptly notified of the charge against him, he could not begin to prepare his defense until thirteen months after he was accused. *Id.* Also, Phillips made a showing of prejudice in that at least one possible witness died during that thirteen-month delay. *Id.* In the present case, Steinmetz knew of the charge on the date of his arrest. It was on that date that he was free to prepare his defense.

The third factor is the cause of the delay. Steinmetz asserts that not only did he have no control over the criminal docket, but he also had no understanding of the procedural process prior to receiving appointed counsel. Over three months after he received counsel,

he filed his motion to dismiss for lack of speedy trial. Because the State offered no response or reason for the delay, Steinmetz contends that it is presumed that no valid reason for the delay existed. *See id.*

Steinmetz's reference to *Phillips* is not entirely accurate. The court in *Phillips* states, "'the burden of excusing the delay rests with the State and ... *in light of a silent record* or one containing reasons insufficient to excuse the delay, it must be presumed that no valid reason for delay existed.'" *Phillips v. State*, 650 S.W.2d at 400 (emphasis added) (quoting *Turner v. State*, 545 S.W.2d 133, 137–38 (Tex.Crim.App. 1976)). We are free to look to the record to determine whether the State has met its burden. The record in this case shows that the cause for the delay included the time returning the indictment, which is discussed above, the three months involved in appointing counsel, and continuances requested by Steinmetz and his attorney in November 1996, January 1997, and February 1997.

The fourth factor is whether the defendant suffered prejudice. Steinmetz contends that as a result of his arrest, he suffered prejudice in the following ways: loss of employment, forfeiture of trade tools, marital discord, and stress and anxiety over the trial and potential jail time. Furthermore, he contends that witnesses had moved and memories had faded by the time of his first pretrial docket in September 1996.

In response to these four factors, the State simply relies on the time line of events. Steinmetz was indicted in June 1996. His first appearance was in September 1996. Because he did not have an attorney, he was granted a continuance. He next appeared for pretrial docket call in November 1996, at which time he received appointed counsel. At the January 1996 docket call, he agreed to a continuance. At the February 1996 docket call, he requested another continuance for both the February and March terms of court. Over the objection of Steinmetz's attorney, the case was set for March. Because Steinmetz actively sought continuances, he cannot charge the State with the resulting delays.

After engaging in the *Barker* balancing test, although the time line barely fell into the presumptive realm of delay, we find that Steinmetz did not timely assert his right to a speedy trial, nor did his actions mirror those of a defendant truly desiring a speedy trial. Thus, the trial court did not abuse its discretion in denying Steinmetz's motions.

For the reasons stated, the judgment is affirmed.

ROSS, Justice, concurring.

While I agree that Steinmetz's complaint under Article 32.01 is moot because he did not complain before indictment, I cannot agree that the indictment against him was timely. I construe Article 32.01 to mean that the term of a district court at which an indictment is presented must be the *next term* of that court following the accused's commitment or admission to bail or "the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed...." The face of the indictment against Steinmetz shows that it was presented to the 276th District Court of Morris County, and I would find this recitation controlling over recitations in the grand jury's minute book. The *next term* of the 276th District Court after Steinmetz's admission to bail was the February Term, 1996, and in accordance with Article 32.01, that is the term to which his indictment should have been presented. Instead, it was presented within the March–August Term of the 276th District Court, which was not timely.