COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
DAVID ORNELAS,                                            )                  No. 08-02-00488-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  171st District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20000D05061)

MEMORANDUM OPINION

            David Ornelas appeals his deferred adjudication for two counts of organized criminal
activity. Appellant waived his right to a jury trial and entered a plea of guilty. The trial court
sentenced him to two years’ probation in accordance with a plea agreement. Finding no violation
of his right to a speedy trial, we affirm.
FACTUAL SUMMARY
            Appellant was arrested on July 25, 1995. He was indicted on two counts of organized
criminal activity on October 31, 2000.


 On June 18, 2002, he filed a motion to dismiss, alleging the
expiration of the statute of limitations. On October 22, 2002, Appellant filed a motion for speedy
trial in which he referenced previous motions purportedly filed on October 21, 1998, April 26, 2002,
and September 21, 1999.


 He ultimately waived his right to a jury trial and pled guilty on
October 23, 2002. He received two years’ deferred adjudication probation. 
RIGHT TO SPEEDY TRIAL

            In his sole point of error, Appellant contends that the trial court erred in denying his speedy
trial claim. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States
Constitution as applied to the states through the Fourteenth Amendment. Barker v. Wingo, 407 U.S.
514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972); Ramirez v. State, 897 S.W.2d 428, 431
(Tex.App.--El Paso 1995, no pet.). When analyzing a trial court’s decision to grant or deny a speedy
trial claim, we must balance four factors: (1) the length of the delay; (2) the reason for the delay; (3)
whether the defendant asserted his speedy trial rights; and (4) any resulting prejudice to the
defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2191; Emery v. State, 881 S.W.2d 702, 708
(Tex.Crim.App. 1994). None of the four factors alone is a necessary or sufficient condition to
finding a deprivation of the right to a speedy trial. Barker, 407 U.S. at 533, 92 S.Ct. at 2193.
            We apply a bifurcated standard of review: an abuse of discretion standard for the factual
components, and a de novo standard for the legal components. Zamorano v. State, 84 S.W.3d 643,
648 (Tex.Crim.App. 2002). This means that we independently weigh and balance the Barker factors,
but we presume the trial court resolved any disputed fact issues in a manner that supports its ruling. 
See id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex.Crim.App. 1999).
Length of Delay
            The length of the delay is measured from the time the defendant is arrested or formally
accused. Shaw v. State, 117 S.W.3d 883, 889 (Tex.Crim.App. 2003); Emery, 881 S.W.2d at 708;
Harris v. State, 827 S.W.2d 949, 956 (Tex.Crim.App. 1992). To trigger a speedy trial analysis, the
defendant has the burden of first demonstrating a delay of sufficient length to be considered
presumptively prejudicial under the circumstances of the case. Barker, 407 U.S. at 530, 92 S.Ct. at
2192; Emery, 881 S.W.2d at 708. The defendant meets his burden by showing that the interval
between accusation and trial has crossed the threshold dividing ordinary delay from presumptively
prejudicial delay. Doggett v. U.S., 505 U.S. 647, 651-52, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520
(1992). Only then does it become necessary to consider the other three factors in the Barker analysis. 
Emery, 881 S.W.2d at 708; Lott v. State, 951 S.W.2d 489, 493 (Tex.App.--El Paso 1997, pet. ref’d). 
In general, delay approaching one year is sufficient to trigger consideration of all the Barker factors.
Shaw, 117 S.W.3d at 889. 
            Here, the delay was approximately seven years and three months, which is sufficient to
trigger an analysis of the remaining Barker factors. See Shaw, 117 S.W.3d at 889. This factor
weighs in favor of Appellant.
Reason for Delay
            The State has the initial burden of justifying a lengthy delay. Emery, 881 S.W.2d at 708;
Lott, 951 S.W.2d at 493. In examining the reasons for the delay, we accord different weights to
various reasons. Barker, 407 U.S. at 531, 92 S.Ct. at 2192; Emery, 881 S.W.2d at 708. A deliberate
attempt to delay the trial in order to hamper the defense should be weighed heavily against the State. 
Barker, 407 U.S. at 531, 92 S.Ct. at 2192; Emery, 881 S.W.2d at 708. Valid reasons are not weighed
against the State at all. Barker, 407 U.S. at 531, 92 S.Ct. at 2192. And delay that is attributable in
whole or in part to the defendant may constitute a waiver of the speedy trial claim. Munoz, 991
S.W.2d at 822. When the record is silent as to the reason for the delay, we may presume neither a
valid reason nor a deliberate attempt to prejudice the defense. Dragoo v. State, 96 S.W.3d 308, 314
(Tex.Crim.App. 2003). 
            Appellant claims that the State deliberately attempted to delay his trial by dismissing the
indictments against him and later re-indicting him for the same charges under identical facts, and by
requesting a continuance twice. While he has included previous indictments in the appendix to his
brief, they are not included in the appellate record and we cannot consider them. See
Tex.R.App.P. 34.1 (“The appellate record consists of the clerk’s record and, if necessary to the
appeal, the reporter’s record.”); Robles v. State, 85 S.W.3d 211, 215 (Tex.Crim.App. 2002).
            We conclude the record is silent as to reasons for the delay and presume neither a valid
reason nor a deliberate attempt by the State to delay Appellant’s trial. This factor weighs against the
State, but not heavily so. See Dragoo, 96 S.W.3d at 314.
Assertion of Right to Speedy Trial
            We must next consider the defendant’s responsibility to assert his right to a speedy trial.
Barker, 407 U.S. at 531, 92 S.Ct. at 2192. Assertion of the right is entitled to strong evidentiary
weight in determining whether the defendant was deprived of the right. Id. at 531-32, 92 S.Ct. at
2192-93. This failure weighs more heavily against the defendant as the delay gets longer; the longer
the delay, the more likely a defendant who really wants a speedy trial would take some action to
obtain it. Dragoo, 96 S.W.3d at 314. Conversely, a defendant’s failure to assert his right in a timely
and persistent manner indicates strongly that he did not really want a speedy trial. Barker, 407 U.S.
at 529, 532, 92 S.Ct. at 2193. Seeking a dismissal rather than a trial may attenuate the strength of
a speedy trial claim. Phillips v. State, 650 S.W.2d 396, 401 (Tex.Crim.App. 1983).
            The State suggests that this factor should weigh against Appellant because he attempted to
have his case dismissed rather than seeking a speedy trial and because he did not file a motion for
speedy trial until almost two years after he was indicted. Appellant counters that he did assert his
speedy trial right on several occasions and that although he used the word “dismissal” in his motions, 
the court was put on notice. The record reveals that on June 18, 2002, Appellant filed a motion to
dismiss due to the expiration of the statute of limitations. As for the motions for speedy trial, the
appellate record contains only one--the October 22 motion. We cannot consider the documents
included in the appendix.
            Appellant’s motivation in requesting a dismissal rather than a prompt trial is relevant. See
Phillips, 650 S.W.2d at 401. Moreover, since Appellant waited almost two years after his indictment
to assert his right to speedy trial, his actions suggest that he did not really want one. See Barker, 407
U.S. at 529, 532, 92 S.Ct. at 2193; Dragoo, 96 S.W.3d at 314. This factor weighs heavily against
Appellant.
Prejudice Resulting from Delay
            Finally, we must determine whether Appellant suffered prejudice as a result of the delay. In
some cases, the delay may be so excessive so as to be presumptively prejudicial. Guajardo v. State,
999 S.W.2d 566, 570 (Tex.App.--Houston [14th Dist.] 1999, pet. ref’d), citing Doggett v. United
States, 505 U.S. 647, 654- 57, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Yet even in the case where
the delay is presumptively prejudicial, the defendant must nevertheless show that he has been
prejudiced by the delay. Id. Once the defendant has made such a showing, the burden shifts to the
State to refute it. Id., citing Ex parte McKenzie, 491 S.W.2d 122, 123 (Tex.Crim.App. 1973).
            Prejudice must be assessed in light of the interests which the speedy trial right was designed
to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of
the accused; and (3) to limit the possibility that the defense will be impaired. Barker, 407 U.S. at
532, 92 S.Ct. at 2193. Of these three, the most serious is the last because the inability of the
defendant to prepare a defense skews the fairness of the entire system. Id. Affirmative proof of
prejudice is not essential to every speedy trial claim because excessive delay presumptively
compromises the reliability of a trial in ways that neither party can prove or even identify. Doggett
v. United States, 505 U.S. at 655, 112 S.Ct. 2686. 
            Appellant admitted that he did not suffer pretrial incarceration, anxiety, or concern. Instead,
he argues that his defense was greatly impaired by the death of two material witnesses, James
Whitaker and James Sikes. Appellant claims that Whitaker had testified in a previous case and
would have provided crucial exculpatory testimony for the defense. He also claims that Sikes had
an intimate knowledge of the financial structure of Lamco, which was owned by co-defendant Albert
Rodriguez. 
            To show prejudice caused by lost testimony, a defendant must show: (1) the witness was
unavailable at the time of trial; (2) the testimony that would have been offered was relevant and
material to the defense; and (3) due diligence was exercised in an attempt to locate the witnesses
for trial. Phipps v. State, 630 S.W.2d 942, 947 (Tex.Crim.App. 1982); Parkerson v. State, 942
S.W.2d 789, 792 (Tex.App.--Fort Worth 1997, no pet.); Meyer v. State, 27 S.W.3d 644, 650
(Tex.App.--Waco 2000, pet. ref’d); Russell v. State, 90 S.W.3d 865, 873 (Tex.App.--San Antonio
2003, pet. ref’d). If a potential witness has died during the delay, the defendant must show that the
witness’s testimony would have been “exculpatory or otherwise beneficial” to him. See Deeb v.
State, 815 S.W.2d 692, 706 (Tex.Crim.App. 1991), cert. denied, 505 U.S. 1223, 112 S.Ct. 3038, 120
L.Ed.2d 907 (1992)(holding that the record failed to reflect that the unavailable witness’s testimony
would have been “exculpatory or otherwise beneficial to appellant”); Jackson v. State, 873 S.W.2d
110, 112 (Tex.App.--Tyler 1994, no pet.)(holding that, although potential witness died, record did
not demonstrate his testimony would have benefitted appellant).
            In his appendix, Appellant has included cross-examination testimony of Whitaker in order
to show the witness would have given exculpatory testimony. He also appended a motion to produce
in which he alleged that the State prevented him from interviewing Whitaker and Sikes. Once again,
the appellate record does not contain these documents and we cannot consider them. See
Tex.R.App. P. 34.1 (“The appellate record consists of the clerk’s record and, if necessary to the
appeal, the reporter’s record.”); Robles v. State, 85 S.W.3d 211, 215 (Tex.Crim.App. 2002). 
Consequently, Appellant has failed to demonstrate that the witnesses’ testimony was material. A
defendant must come forward with more than his own self-serving and conclusory statement that a
witness who died before trial would have given testimony on a material issue. See Deeb, 815
S.W.2d at 706. Appellant’s bold assertion alone is insufficient to demonstrate prejudice. Because
he has failed to demonstrate that his defense was impaired because of the delay, this factor weighs
against Appellant.
Balancing the Barker Factors
            We must now balance the four Barker factors to determine whether Appellant was denied
his right to a speedy trial. The seven year, three month delay and the absence of a reason for it weigh
in Appellant’s favor. Weighing against a finding of a speedy trial violation are Appellant’s failure
to assert his claim until almost two years after his indictment, his attempt to obtain a dismissal, and
his failure to make a prima facie showing of prejudice. Balancing these factors, we find no error in
the trial court’s denial of the motion for speedy trial. Appellant’s sole point is overruled and the
judgment affirmed.


July 29, 2004                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)