IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-49,905-02






EX PARTE CHAD ALLEN UPTERGROVE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17723-B IN THE 336TH DISTRICT COURT


FROM FANNIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment. The Court of Appeals affirmed the conviction. Uptergrove v.
State, 881 S.W.2d 529 (Tex. App. - Texarkana 1994, pet. ref'd).

 Applicant contends that he is entitled to habeas relief because he is actually innocent of the
offense. He alleges both newly discovered evidence and constitutional error at trial. Specifically,
Applicant contends that in 2003, Sue Speed Van Hooser, an eyewitness, approached Applicant's
mother and asked her why she had not been called to testify at trial. Van Hooser indicated that a
police detective had called her the day after the offense and she had made a statement describing
three men she observed leaving the victim's store at the time of the offense, but the detective never
contacted her again. Van Hooser's name and statement were not included in the State's record and
so this information was not available until the witness spoke with Applicant's mother in 2003. 
Applicant contends that Van Hooser's statement is newly discovered evidence and that the State
withheld this evidence. Van Hooser's affidavit and affidavits from Applicant's mother, trial counsel,
and Applicant are attached to the application.

 This application is not subject to dismissal as a subsequent application because it contains
sufficient specific facts establishing that the current claim could not have been presented in the
previously considered application because the factual basis was unavailable on the date Applicant
filed the previous application. Tex. Code Crim. Proc. Art. 11.07, Sec. 4 (a)(1), (c) (Vernon 2006). 
Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Richardson, 70 S.W.3d
865 (Tex. Crim. App. 2002); Ex parte Elizondo, 947 S.W.2d 202 (Tex. Crim. App. 1996). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection and court records. Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint counsel
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether in light of Van Hooser's statement
a jury would acquit Applicant. The trial court shall also make findings of fact as to whether Van
Hooser's statement is favorable material evidence that the State withheld, and whether this evidence
could reasonably be taken to put the whole case in such a different light as to undermine confidence
in the verdict. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing
relevant portions of the statement of facts and all affidavits and interrogatories or the transcription
of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date
of this order. Any extensions of time shall be obtained from this Court. 



Filed: May 23, 2007

Do not publish