## Ex Parte S. T. Johnson.

No. 21894. Delivered October 22, 1941.

The opinion states the case.

*B. C. Jones,* of Clarksville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an appeal from an order of the district court of Red River County refusing to release relator from the custody of the sheriff of said county.

The record discloses that on the 30th day of August, 1941, relator was arrested and charged with the offense of arson. The grand jury convened on September 9th and adjourned on September 10th, following, without having returned an indictment. Three days thereafter relator's attorney made known to the court that he was demanding discharge of relator from jail because the grand jury had adjourned without indicting him. Up to this time it was the duty of the sheriff to have released relator. It appears, however, in the agreed statement of facts that on said date relator made a statement in writing involving himself and another in the commission of the offense for which he had been placed in jail. Whether or not this confession is a voluntary one, and whether or not it is sufficient upon which to predicate an indictment by a subsequent grand jury are questions not presented and which could hardly be presented in this proceeding. Following it, the sheriff filed another complaint and caused warrant to be issued which he served upon relator. Subsequently the application for writ of habeas corpus was filed and the sheriff answered setting up the facts. The court found that he was being held not under the warrant by which he was arrested on August 30th, but under a new warrant issued on September 13th charging the same offense. The court, therefore, refused to discharge him and from that order this appeal is taken.

It is the contention in this appeal that relator should be discharged because of the provisions of Article 168 of the Code of Criminal Procedure, reading as follows:

"Where a person, before indictment found against him, has been discharged or held to bail on habeas corpus by order of a court or judge of competent jurisdiction, he shall not be again imprisoned or detained in custody on an accusation for the same offense, until after he shall have been indicted, unless surrendered by his bail."

Evidently, the State had in mind in filing its answer that it should do so in compliance with Article 576 of the Code of Criminal Procedure. In attempting to show cause for holding the relator, grounds were set up in a written reply which was supported by an affidavit signed "J. N. Geer, Sheriff, by A. C. Lemon, deputy." The defect readily appears. One person has no authority to make an affidavit in the name of another, and affidavits are not made in official capacity, as the parties apparently had in mind. However, this matter may be disposed of

by saying that Article 576 of the Code of Criminal Procedure is not applicable to the situation here and compliance with it was not necessary to support the order which the court made.

Neither do we think that Article 168, above copied, gives the relief which appellant seeks. It applies to a case after a person has been ordered discharged on habeas corpus hearing by a judge of competent jurisdiction and is designed to prevent the re-arrest of a party for the same offense for which he had been discharged by an order of the court. In such cases the court has authority to enforce his order by contempt proceeding, or otherwise, the same as any other order which a court may make. That, apparently, is the purpose of the article. In the instant case the court had not ordered the release of the party, though he was entitled to such an order if it had been presented prior to the time of the filing of the second complaint. Such an order at that time would properly have precluded the filing of the second complaint, though there seems to be a difference of opinion on this subject. In the case of Ex parte Haubelt, 123 S. W. 607, the majority opinion so held, but the writer does not consider all of the authorities in that opinion appropriate nor that they should be given the force which is impliedly given therein. A discussion of them will not be indulged at this time.

In Ex parte Porter, 16 Tex. Ct. of Appeals, page 321, it appears that relator had been charged in the justice court with the theft of a horse, which was a felony. The grand jury indicted him for the theft of a saddle, a misdemeanor. The returning of such indictment was an oversight. Prosecution sought to have the court bind him over to the next term of grand jury upon the showing that the grand jury had erroneously returned the wrong indictment, but this order the court refused to make. A new complaint was filed before the justice of the peace who conducted an examining trial and, thereupon, ordered him remanded to jail in default of making bond. In habeas corpus proceeding the district judge refused to release the relator and, upon appeal, Judge Willson held that the second prosecution before the justice of the peace and the proceedings thereunder were legal and valid and sustained the order of the district court remanding him to jail. This, it will be noticed, followed an order of the court refusing to bind him over to the next term for consideration of the grand jury, but it did not follow habeas corpus proceedings as contemplated by

the present Article 168. This case sustains the conclusion in the case at bar and is here followed.

The language of Article 168 of the Code of Criminal Procedure is not susceptible of the construction which appellant seeks to give it and will not prevent the filing of a second charge after the grand jury has failed to act, when made prior to an order of the court made in habeas corpus proceeding directing his release. This construction is plainly indicated, if not positively stated, in Payne v. State, 4 S. W. (2d) 53. The second prosecution in that case was under indictment returned by a subsequent grand jury. In the instant case relator is being held under a warrant issued by the justice of the peace which was not in violation of Article 168 of the Code of Criminal Procedure.

The judgment of the trial court is affirmed.