**Ex parte William David CROWDER.**

**No. 03–97–00090–CR.**

Court of Appeals of Texas, Austin.

Jan. 29, 1998.

Charles M. Hineman, Austin, for Appellant.

Ronald Earle, District Attorney, Lisa Dotin Stewart, Assistant District Attorney, Austin, for State.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

POWERS, Justice.

The district court denied William David Crowder's application for habeas corpus. He appeals. We will affirm the district-court order.

## THE CONTROVERSY

Crowder was released on bail on March 2, 1995 following his arrest, on the same day, for sexual indecency with a child. Approximately eleven months after his indictment, Crowder applied for a writ of habeas corpus, contending his restraint was illegal by reason of article 32.01 of the Code of Criminal Procedure. See Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 32.01, Tex. Gen. Laws 317, 441 (Tex.Code Crim. Proc. Ann. art. 32.01) (since amended). The district court denied the application without stating any grounds therefor. Crowder brings four points of error.[1] We believe

---

1. Crowder's points of error are as follows: (1)    the State did not establish good cause for failing

point of error two is dispositive of the appeal and need not discuss the remaining three points pertaining to "good cause" and the unconstitutionality of statutes.

### DISCUSSION AND HOLDINGS

When this cause arose, article 32.01 of the Code of Criminal Procedure provided as follows:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

(emphasis added). "A discharge under ... Article 32.01 ... is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction." Act of June 1, 1987, 70th Leg., R.S., ch 383, § 1, 1987 Tex. Gen. Laws 1885 (Tex.Code Crim. Proc. Ann. art. 28.061) (since amended).

Crowder was arrested for the offense on March 2, 1995, and released on bail the same day. Three terms of court passed without his being indicted for the offense. He was indicted in the January–March 1996 term; and in the October–December 1996 term he moved to "dismiss" the indictment.[2] The trial court overruled the motion in January 1997 and denied Crowder's application for habeas corpus. The issue reduces to the

applicability of article 32.01 in these circumstances.

Article 32.01 is restricted by its terms to persons who are (1) restrained for an offense and (2) *not charged in an indictment or information*, as in Crowder's case when he was arrested under a warrant issued upon an affidavit setting forth the affiant's belief that Crowder had committed the offense of aggravated sexual assault upon a child. When he was not indicted for the offense at the next grand jury term, he was entitled under article 32.01 "to have an order made by the District Court discharging him from custody because the prosecution" initiated with his arrest was "not *continued* by the proper and necessary action of the grand jury." *Bennett v. State*, 27 Tex. 701, 703–04 (Tex.1864) (emphasis added). When Crowder first invoked article 32.01 *after* he was indicted, however, he invoked a statute that no longer applied to his circumstances by its very terms—he was no longer restrained in the absence of an indictment or information. *See Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Crim.App. 1974); *Ex parte Johnson*, 142 Tex.Crim. 483, 154 S.W.2d 854 (1941); *Payne v. State*, 109 Tex.Crim. 287, 4 S.W.2d 53, 54 (1928).[3]

We therefore hold the district court did not err in overruling Crowder's motion to dismiss the indictment by reason of article 32.01. Accordingly, we overrule Crowder's point of error two and hold the district court did not err in denying his application for habeas corpus.

---

to indict Crowder at the next term of court after his commitment or admission to bail, as required by article 32.01; (2) the district court erred in holding that Crowder must file a "motion to dismiss" before an "indictment is issued;" (3) the trial court erred in holding article 32.01 unconstitutional; and (4) the trial court erred in holding article 28.061 unconstitutional.

**2.** The grand-jury terms of the 147th Judicial District Court begin on the first Mondays in January, April, July, and October. *See* Tex. Gov't Code Ann. § 24.248(b) (West 1988). The events pertinent to the appeal transpired in the 147th Judicial District Court. After his indictment, Crowder's case was transferred to the 167th Judicial District Court.

**3.** We acknowledge the conflicting opinions regarding the timely filing of an application for relief under article 32.01. *See e.g., Norton v. State*, 918 S.W.2d 25 (Tex.App.—Houston [14th Dist.] 1996, pet. granted); *State v. Ybarra*, 942 S.W.2d 35 (Tex.App.—Corpus Christi 1996, pet. granted); *Holleman v. State*, 945 S.W.2d 232 (Tex.App.—Amarillo 1997, pet. filed). We agree with the *Holleman* court that *Tatum v. State*, 505 S.W.2d 548 (Tex.Crim.App.1974) is the latest decision on the subject by the Court of Criminal Appeals, and we have no authority to circumvent it. *Holleman*, 945 S.W.2d at 236.