TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00445-CR







Hardesty Bogany, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 144TH JUDICIAL DISTRICT


NO. 96CR4101A, HONORABLE SUSAN D. REED, JUDGE PRESIDING







On the third day of his trial for two counts of aggravated robbery, appellant Hardesty
Bogany changed his plea from not guilty to guilty. The jury returned instructed verdicts of guilty on each
count and assessed punishment at imprisonment for sixty years. See Tex. Penal Code Ann. § 29.03 (West
1994). We will affirm.

By his first point of error, appellant contends the district court erred by denying relief on
his pretrial writ of habeas corpus. In his writ application, appellant urged that the indictment should be
dismissed with prejudice because it had not been presented on or before the last day of the next term of
court following his arrest. See Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 32.01,
1965 Tex. Gen. Laws 317, 441 (Tex. Code Crim. Proc. Ann. art. 32.01, since amended); Act of June 1,
1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws 1885 (Tex. Code Crim. Proc. Ann. art.
28.061, since amended). 

A habeas corpus proceeding is separate and distinct from the criminal prosecution out of
which it arises, and an order denying relief in a habeas corpus proceeding is immediately appealable. See
Ex parte Anderson, 902 S.W.2d 695 n.1 (Tex. App.--Austin 1995, pet. ref'd); 43 George E. Dix and
Robert O. Dawson, Criminal Practice and Procedure, § 47.40 (Texas Practice 1995). Appellant
apparently did not appeal from the denial of habeas corpus relief, and in any event may not challenge the
court's ruling in the habeas corpus proceeding on this appeal from the judgment of conviction. Even if the
district court's habeas corpus ruling were properly before us, the record shows that appellant filed his
habeas corpus application after he was indicted and therefore he was not entitled to invoke article 32.01. 
See Ex parte Crowder, 959 S.W.2d 732, 733 (Tex. App.--Austin 1998, pet. filed). Point of error one
is overruled.

In his second and final point of error, appellant contends his trial counsel provided
ineffective assistance. The parties agree that because appellant pleaded guilty before the jury and the only
issue at trial was punishment, the effectiveness of counsel must be judged by the standard announced in Ex
parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980). See Craig v. State, 825 S.W.2d 128, 130 (Tex.
Crim. App. 1992); Ex parte Cruz, 739 S.W.2d 53, 57-58 (Tex. Crim. App. 1987). Under that standard,
a defendant is entitled to counsel reasonably likely to render and rendering reasonably effective assistance. 
Duffy, 607 S.W.2d at 514. A defendant is not entitled to errorless counsel and counsel's representation
must be considered in its totality. Cruz, 739 S.W.2d at 58.

Appellant argues that although counsel otherwise rendered reasonably effective assistance,
he made one error of such magnitude that it alone requires a finding of ineffective assistance. Appellant filed
a sworn application for community supervision. Counsel did not, however, introduce evidence of
appellant's eligibility for community supervision and the district court did not give the jury the option of
recommending community supervision. See Baker v. State, 519 S.W.2d 437 (Tex. Crim. App. 1975);
Tenery v. State, 680 S.W.2d 629, 640 (Tex. App.--Corpus Christi 1984, pet. ref'd) (defendant must
prove eligibility for probation; mere filing of sworn application not sufficient).

Appellant relies on the opinion in Ware v. State, 875 S.W.2d 432 (Tex. App.--Waco
1994, pet. ref'd). In Ware, as in the cause before us, counsel filed an application for probation but failed
to adduce evidence of the defendant's eligibility. Nevertheless, all parties assumed the defendant's
eligibility and the trial court authorized the jury to recommend probation. It did not do so, instead assessing
punishment at imprisonment for eleven years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(1)
(defendant not eligible for community supervision if sen-tence exceeds ten years' imprisonment). The court
of appeals concluded that trial counsel's failure to adduce evidence of the defendant's eligibility for
probation constituted ineffectiveness of counsel and reversed the conviction. Ware, 875 S.W.2d at 438.

To the extent Ware would call for a reversal of appellant's conviction, we decline to follow
it. There is no evidence before us that appellant was in fact eligible for community supervision and therefore
no basis for concluding that counsel was ineffective for failing to prove appellant's eligibility. Moreover,
the jury assessed punishment at imprisonment for sixty years, rendering inconsequential counsel's failure
to adduce evidence (if any existed) of appellant's eligibility for community supervision. See Mercado v.
State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); Gonzales v. State, 748 S.W.2d 510, 513 (Tex.
App.--Houston [1st Dist.] 1988, pet. ref'd). Point of error two is overruled. (1)

The district court rendered separate judgments for each count. The judgments of
conviction are affirmed.



 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 11, 1998

Do Not Publish



1. This holding does not conflict with our opinion in May v. State, 660 S.W.2d 888, 890 (Tex.
App.--Austin 1983), aff'd, 722 S.W.2d 699 (Tex. Crim. App. 1984). In May, the defendant's eligibility
for probation was not disputed and the punishment assessed (imprisonment for three years) did not
preclude probation.


pellant filed his
habeas corpus application after he was indicted and therefore he was not entitled to invoke article 32.01. 
See Ex parte Crowder, 959 S.W.2d 732, 733 (Tex. App.--Austin 1998, pet. filed). Point of error one
is overruled.

In his second and final point of error, appellant contends his trial counsel provided
ineffective assistance. The parties agree that because appellant pleaded guilty before the jury and the only
issue at trial was punishment, the effectiveness of counsel must be judged by the standard announced in Ex
parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980). See Craig v. State, 825 S.W.2d 128, 130 (Tex.
Crim. App. 1992); Ex parte Cruz, 739 S.W.2d 53, 57-58 (Tex. Crim. App. 1987). Under that standard,
a defendant is entitled to counsel reasonably likely to render and rendering reasonably effective assistance. 
Duffy, 607 S.W.2d at 514. A defendant is not entitled to errorless counsel and counsel's representation
must be considered in its totality. Cruz, 739 S.W.2d at 58.

Appellant argues that although counsel otherwise rendered reasonably effective assistance,
he made one error of such magnitude that it alone requires a finding of ineffective assistance. Appellant filed
a sworn application for community supervision. Counsel did not, however, introduce evidence of
appellant's eligibility for community supervision and the district court did not give the jury the option of
recommending community supervision. See Baker v. State, 519 S.W.2d 437 (Tex. Crim. App. 1975);
Tenery v. State, 680 S.W.2d 629, 640 (Tex. App.--Corpus Christi 1984, pet. ref'd) (defendant must
prove eligibility for probation; mere filing of sworn application not sufficient).