TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00661-CR







Eliazar Charlie Lopez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 96-008, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING







 Appellant Eliazar Charlie Lopez was convicted by a jury of two offenses of
aggravated sexual assault based on a two-count indictment. See Act of May 29, 1993, 73d Leg.,
R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3620-21 (Tex. Penal Code
§ 22.02(a)(1)(B)(i)(iii), (2)(B)). (1) The trial court assessed punishment at 45 years' imprisonment
in each case with the sentences running concurrently.


Points of Error



 Appellant does not challenge the sufficiency of the evidence to sustain the
convictions. He advances two points of error. First, he claims that the "trial court erred when
it failed to dismiss the cause for violation of Texas Code of Criminal Procedure article 32.01
which requires timely indictment of the accused." Second, appellant urges that the trial court
abused its discretion by allowing evidence of appellant's prior convictions to be presented at the
guilt/innocence stage of the trial.


Timely Indicted?



 Appellant was indicted on January 6, 1996, in the 22nd Judicial District Court. 
Both offenses were alleged to have occurred on June 10, 1995. Appellant asserts in his brief that
he was arrested on June 25, 1995, and shortly thereafter was released on bail. Appellant's jury
trial commenced on August 25, 1997. On that date appellant filed a "motion to set aside
indictment for failure to afford constitutional right to speedy trial." In the motion, appellant cited
both the federal and state constitutional provisions as to the right of a speedy trial and included an
additional reference to article 32.01 of the Texas Code of Criminal Procedure. After the jury was
selected, the trial court conducted a hearing on the motion. Appellant offered no evidence. The
hearing consisted of legal argument about the application of article 32.01. At the conclusion of
the hearing, the trial court held that the motion, being presented after indictment, came too late,
but in a secondary ruling held that the State by affidavit had shown good cause for the delay.

 Appellant now urges such action was error. He relies upon the version of article
32.01 in effect at the time of the offense and the return of the indictment which provided:


 When a defendant has been detained in custody or held to bail for his
appearance to answer any criminal accusation before the district court, the
prosecution, unless otherwise ordered by the court, for good cause shown,
supported by affidavit, shall be dismissed and the bail discharged, if indictment or
information be not presented against such defendant at the next term of the court
which is held after his commitment or admission to bail.



Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 441. The present
version of article 32.01 is applicable only to offenses after May 26, 1997. See Tex. Code Crim.
Proc. Ann. art. 32.01 (West Supp. 1999) (Act of May 12, 1997, 75th Leg., R.S., ch. 289, §§ 2,
4, 1997 Tex. Gen. Laws 1304). 

 The terms of the 22nd Judicial District Court of Caldwell County commence on the
first Monday in March, June, September, and December of each year. See Tex. Gov't Code Ann.
§ 24.123(c)(1) (West 1988). (2) Appellant asserts that he was arrested on June 25, 1995, and that
a violation of Article 32.01 occurred when he was not indicted by the last day of the September
term of the 22nd Judicial District Court. He notes that the indictment was not returned until
January 6, 1996, well into the December term of court.

 Appellant contends that a violation of article 32.01 entitled him to a dismissal of
the cause with prejudice because at the time article 28.061 of the Code of Criminal Procedure was
the enforcement mechanism for such violations.



 Article 28.061 in effect at the time provided:


 If a motion to set aside an indictment, information, or complaint for failure
to provide a speedy trial is sustained, the court shall discharge the defendant. A
discharge under this article or Article 32.01 of this code is a bar to any further
prosecution for the offense discharged and for any other offense arising out of the
same transaction, other than an offense of a higher grade that the attorney
representing the state and prosecuting the offense that was discharged does not have
the primary duty to prosecute.



Act of May 20, 1977, 65th Leg., R.S., ch. 787, § 4, 1977 Tex. Gen. Laws 1970, 1972 amended
by Act of June 1, 1987, 70th Leg., R.S. ch. 383, § 1, 1987 Tex. Gen. Laws 1985. (3)

 Article 28.061 was declared unconstitutional in Meshell v. State, 739 S.W.2d 246,
257 (Tex. Crim. App. 1987). Meshell held that the Texas Speedy Trial Act (Tex. Code Crim.
Proc. art. 32A.02) violated the separation of powers doctrine (Tex. Const. art. II, § 1). Meshell, 
739 S.W.2d at 257. However, the legislature's 1987 amendment to article 28.061 after the Texas
Court of Criminal Appeals' decision in Meshell, as set out above, made the statute a viable
enforcement statute for article 32.01 since the statutory language included article 32.01 whereas
the earlier version of article 28.061 had not. Article 28.061 was earlier declared unconstitutional
only in its capacity as an enforcement mechanism for the Speedy Trial Act. The 1987 amended
version survived Meshell insofar as it applied to article 32.01 (4) prior to its 1997 amendment and
is applicable to appellant's case if there was in fact a violation of article 32.01 at the time and prior
to its 1997 amendment.

 Article 32.01 and its forerunners have long been a part of the codes of criminal
procedure in Texas. See Ex parte Lerma, 317 S.W.2d 751, 752 (Tex. Crim. App. 1958); Ex parte
Johnson, 154 S.W.2d 854, 855 (Tex. Crim. App. 1941); Payne v. State, 4 S.W.2d 53, 54 (Tex.
Crim. App. 1928). The version of the statute set out above as applicable to appellant's case has
been held constitutional. See Ex parte Mallares, 953 S.W.2d 759, 762-63 (Tex. App.--Austin
1997, no pet.).

 In 1974, the Court of Criminal Appeals held that article 32.01 had no application
once an indictment is returned, although it is returned by a grand jury subsequent to the next term
of court after the defendant was held to bail or detained in custody. See Tatum v. State, 505
S.W.2d 548, 550 (Tex. Crim. App. 1974). At the time of Tatum, article 28.061 was not in
existence.

 Under the Tatum interpretation of Article 32.01, the State was free to refile the
charges once the case had been dismissed under that statute. See Fisk v. State, 958 S.W.2d 506,
507 (Tex. App.--Texarkana 1997, pet. ref'd). The dismissal was without prejudice. Thus, the
defendant was provided only temporary relief until the State refiled the charges. See State v.
Ybarra, 942 S.W.2d 35, 38 (Tex. App.--Corpus Christi 1996), pet. dism'd improvidently granted,
977 S.W.2d 594 (Tex. Crim. App. 1998). The Tatum decision was a consistent interpretation of
the statute by the Court of Criminal Appeals. See Payne, 4 S.W.2d at 54.

 With the 1987 amendment to article 28.061 making it for the first time an
enforcement mechanism for a dismissal under article 32.01, the various courts of appeals began
to split as to the proper interpretation to be given to a dismissal under article 32.01. According
to certain case law, further prosecution is barred when an accused is arrested or released on bail
and is not indicted by the grand jury within its next term of court, unless the State can show good
cause for its failure to bring a timely indictment. See Ybarra, 942 S.W.2d at 36. Certain
appellate courts began to hold that the Tatum rationale no longer applied in light of the 1987
amendment to article 28.061. See, e.g., Ex parte Lawson, 966 S.W.2d 532, 535 (Tex. App.--San
Antonio 1996, no pet.) (overruling Wilkinson v. State, 899 S.W.2d 20 (Tex. App.--San Antonio
1995, pet. ref'd)); Ybarra, 942 S.W.2d at 38; Norton v. State, 918 S.W.2d 25, 28 (Tex.
App.--Houston [14th Dist.] 1996), pet. dism'd improvidently granted, 969 S.W.2d 3 (Tex. Crim.
App. 1998); Ex parte Knight, 904 S.W.2d 722, 725 (Tex. App.--Houston [1st Dist.] 1995, pet
ref'd).

 Other courts of appeals have continued to follow Tatum and hold that the proper
remedy for the unindicted accused is to seek and obtain a ruling on an article 32.01 motion prior
to indictment. See, e.g., Steinmetz v. State, 968 S.W.2d 427, 432 (Tex. App.--Texarkana 1998,
no pet.); Ex parte Barnes, 959 S.W.2d 313, 320 (Tex. App.--Fort Worth 1997, pet. granted);
Fisk, 958 S.W.2d at 509; State v. Condran, 951 S.W.2d 178, 191-92 (Tex. App.--Dallas 1997)
(holding in part that the 1987 version of article 28.061 was unconstitutional), pet. dism'd
improvidently granted, 977 S.W.2d 144 (Tex. Crim. App. 1998); Hollman v. State, 945 S.W.2d
232, 235-36 (Tex. App.--Amarillo 1997, no pet.).

 In Ex parte Crowder, 959 S.W.2d 732 (Tex. App.--Austin 1998, pet. ref'd), the
applicant sought habeas corpus relief following indictment, using article 32.01 as the basis for his
claim to the right of dismissal of the charge against him. This Court pointed out that by its
express terms, article 32.01 is restricted to persons who are (1) restrained for an offense and (2)
not charged by an indictment or information at the conclusion of the next term of court. Citing
Tatum, we stated: "when Crowder first invoked article 32.01 after he was indicted, however, he
invoked a statute that no longer applied to his circumstances by its very terms--he was no longer
restrained in the absence of an indictment or information." Crowder, 959 S.W.2d at 733. Habeas
corpus relief was denied. 

 It does not appear that the Court of Criminal Appeals intends to resolve the split
of authority between the courts of appeals. See Condran, 977 S.W.2d at 144-47 (Keller, J.,
dissenting); Norton, 918 S.W.2d at 3-4 (McCormick, P. J. and Keller, J. dissenting). Presiding
Judge McCormick stated that the majority of the court believe that the issue was not worth
reviewing in light of the 1997 amendments to article 32.01 and article 28.061, which now render
article 28.061 inapplicable to a dismissal under article 32.01. (5) See Norton, 918 S.W.2d at 3. 
(McCormick, P.J., dissenting). The 1997 amendments were only applicable to an individual
arrested after May 26, 1997, the effective date of the amendments. The former law remained in
effect for arrest prior to that date. See Act of May 12, 1997, 75th Leg., R.S., ch. 289, § 4, 1997
Tex. Gen. Laws 1304.

 It is clear that we must apply the law in effect at the time appellant was arrested. 
See Fisk, 958 S.W.2d at 509; Ex parte Pena, 955 S.W.2d 325, 327 (Tex. App.--San Antonio
1997, pet. ref'd). Therefore, we adhere to our decision in Crowder and find appellant did not
timely apply for relief under article 32.01. He did not file his motion until over 19 months after
he was indicted. His circumstances after indictment did not entitle him to invoke article 32.01. 
See Crowder, 958 S.W.2d at 733.

 Moreover, an examination of the appellate record fails to reveal the date of
appellant's arrest or his bail bond. Appellant asserts in his brief that his arrest was on June 25,
1995, and that he made bond shortly thereafter. Assertions in an appellate brief not supported by
the record will not be accepted as fact. See Vanderbilt v. State, 629 S.W.2d 709, 717 (Tex. Crim.
App. 1981); Miranda v. State, 813 S.W.2d 724, 738 (Tex. App.--San Antonio 1991, pet. ref'd). 
Without this information, it is not possible to tell when the "next term" of court expired under the
applicable version of article 32.01. (6) This is an additional reason that the trial court did not err in
overruling appellant's motion. We do not need to reach the question of whether the State
exhibited "good cause" for any delay that was the secondary ruling of the trial court. Appellant's
first point of error is overruled. 


The Second Point of Error



 Next, appellant asserts that the "trial court abused its discretion by allowing
testimony of appellant's previous convictions to be presented as evidence in the guilt and
innocence phase of the trial." Appellant appears to contend that he was improperly impeached
while testifying in his own behalf. See Tex. R. Evid. 609.

 On direct examination appellant denied both offenses charged. He stated that he
had tried to be a father figure to the children of Mary Sanchez, the woman with whom he lived;
that he had been "good" to all the children; that he had taken them to school and other activities;
and that he had not molested any of them, including the complainant.

 Before cross-examination, the prosecutor requested a "Rule 104" (7) hearing. After
the jury had been removed, the prosecutor stated that appellant had "widely opened the door for
impeachment past the usual parameters of Rule 609" by his testimony that he was "good" to the
children and by his denial of molestation. Appellant's counsel objected that nothing offered by
the defense opened the door to appellant's entire criminal record. The objection was overruled.

 With appellant still on the witness stand, the prosecutor, for the purpose of the
hearing, elicited from appellant that he had been convicted as follows:


a. Driving While Intoxicated, Caldwell County, July 10, 1985 

b. Driving While Intoxicated, Caldwell County, September 11, 1985

c. Driving While Intoxicated, Caldwell County, September 11, 1985

d. Driving While Intoxicated, Felony, Caldwell County, September 8, 1987

e. Driving With License Suspended, Caldwell County, December 8, 1987

 f. Driving While Intoxicated, Felony, Caldwell County, June 2, 1988

g. Misdemeanor Assault, Caldwell County, November 20, 1995

h. Misdemeanor Failure to Appear, Caldwell County, November 28, 1995

i. Misdemeanor Assault, Caldwell County, February 12, 1997



 While the various cause numbers of these convictions (including the two separate
convictions on September 11, 1995) was established by appellant's testimony, no record evidence
of judgments and sentences were introduced. The prosecutor also elicited from appellant that there
was an unadjudicated misdemeanor assault charge pending against him with the complainant being
Mary Sanchez. At the close of the prosecutor's interrogation, appellant's counsel stated: "For
impeachment purposes, based on the questioning I have done with this witness, they are not
relevant." The objection was overruled. 

 In the jury's presence, the prosecutor on cross-examination again elicited the same
testimony without objection. Rule 609 provides in pertinent part:


(a) General Rule. For the purpose of attacking the credibility of a witness,
evidence that the witness has been convicted of a crime shall be admitted if elicited
from the witness or established by public record but only if the crime was a felony
or involved moral turpitude, regardless of punishment, and the court determines
that the probative value of admitting this evidence outweighs the prejudicial effect
to a party.


(b) Time Limit. Evidence of a conviction under this rule is not admissible if a
period of more than ten years has elapsed since the date of the conviction or of the
release of the witness from the confinement imposed for that conviction, whichever
is the later date, unless the court determines, in the interest of justice, that the
probative value of the conviction supported by specific facts and circumstances
substantially outweighs its prejudicial effect.



Tex. R. Evid. 609.

 A defendant does not have the right to testify free from impeachment. See Morgan
v. State, 891 S.W.2d 733 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). Once a criminal
defendant takes the stand, he or she is subject to the same rules as any other witness and may be
impeached, contradicted, made to give evidence against himself or herself, cross-examined on new
matters, and treated in every respect as any other witness, except where there are overriding
constitutional or statutory provisions. See Sanchez v. State, 707 S.W.2d 575, 577 (Tex. Crim.
App. 1986); Williams v. State, 906 S.W.2d 58, 62 (Tex. App.--Tyler 1995, pet. ref'd); Juhasz
v. State, 827 S.W.2d 397, 404 (Tex. App.--Corpus Christi 1992, pet. ref'd).

 Under Rule 609 a witness may only be impeached as to his criminal history through
a conviction of a felony or crime of moral turpitude. See Sterns v. State, 862 S.W.2d 687, 690
(Tex. App.--Tyler 1993, no pet.). Whether to admit remote convictions for purposes of
impeachment lies largely within the trial court's discretion, and depends on the facts and
circumstances of each case. See Brown v. State, 880 S.W.2d 249, 252 (Tex. App.--El Paso 1994,
no pet.). An exception exists to the limitations in Rule 609 when the witness by his direct
testimony leaves a false impression of any trouble he has had with the police. See Muse v. State,
815 S.W.2d 769, 773 (Tex. App.--Waco 1991, no pet.). Thus, when a witness creates a false
impression of law-abiding behavior he opens the door on his otherwise irrelevant past criminal
history, and opposing counsel may expose the falsehood. See Delk v. State, 855 S.W.2d 700, 704
(Tex. Crim. App.), cert. denied, 510 U.S. 481 (1993); Prescott v. State, 744 S.W.2d 128, 131
(Tex. Crim. App. 1988). An extraneous unadjudicated offense may even be admissible if the
accused opens the door to the admission of such evidence. See Monkhouse v. State, 861 S.W.2d
473, 476 (Tex. App.-- Texarkana 1993, no pet.). In order, however, to open the door to the use
of prior crimes for the purposes of impeachment, the witness must do more than just imply that
he abides by the law, and must in some way convey the impression that he has never committed
a crime. See Lewis v. State, 933 S.W.2d 172, 179 (Tex. App.--Corpus Christi 1996, pet. ref'd).

 It was under the "false impression" exception that the prosecutor persuaded the trial
court that appellant's entire criminal record could be used for impeachment without regard to the
limitations in Rule 609. The prosecutor should have known from the beginning that appellant had
not created a false impression about his criminal record, had not disclaimed any "trouble" with
the police, and had not otherwise "opened the door." In keeping with the narrow construction
given by our case law to the "false impression" exception, appellant's testimony clearly did not
open the door. See Lewis, 933 S.W.2d at 179. Appellant objected early on that he had not opened
the door, and while his later general objection was only on relevancy of the prior criminal record,
the specific grounds were apparent from the context. See Tex. R. App. P. 33.1(a)(1)(A). The
trial court's ruling on the admission of the evidence was clearly wrong and outside the zone within
which reasonable persons might disagree. See Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim.
App. 1992).


Harmless Error Analysis



 Having determined that the trial court erred, we must now decide whether the error
was harmless. This is a non-constitutional error governed by Rule 44.2(b). Tex. R. App. P.
44.2(b). This rule provides: "Any other [non-constitutional] error, defect, irregularity, or
variance that does not affect substantial rights must be disregarded."

 "A 'substantial right' is affected when the error had a substantial and injurious
effect or influence in determining the jury's verdict." King v. State, 953 S.W.2d 266, 271 (Tex.
Crim. App. 1997). "It must be determined whether the inadmissible evidence actually contributed
to the jury's verdict." George v. State, 959 S.W.2d 378, 383 (Tex. App.--Beaumont 1998, pet.
ref'd).

 In considering harm, the entire record must be reviewed to determine whether the
error had more than a slight influence on the verdict. See King, 953 S.W.2d at 271 (citing
Kotteakos v. United States, 328 U.S. 750, 776 (1946)); Reeves v. State, 969 S.W.2d 471, 491
(Tex. App.--Waco 1998, pet. ref'd). If the court finds that the error did have more than a slight
influence on the verdict, it must be concluded that the error affected the defendant's substantial
rights in such a way as to require a new trial. Reeves, 969 S.W.2d at 491. If the court has grave
doubts about the error's effect on the outcome, the case must be remanded for a new trial. Id. 
Otherwise, the court should disregard the error. Id.

 With this background, we turn to the prior convictions to determine which ones
came within the limitations of Rule 609 and were useable for the purposes of impeachment without
regard to the "false impression" exception. The two felony convictions for driving while
intoxicated were clearly admissible under Rule 609 at this August 1997 trial. A misdemeanor
driving while intoxicated conviction is not an offense involving moral turpitude. See Shipman v.
State, 604 S.W.2d 182, 184 (Tex. Crim. App. 1980); Stephens v. State, 417 S.W.2d 286, 288 n.1
(Tex. Crim. App. 1967); Lewis, 933 S.W.2d at 177 n.1. Thus, appellant's three misdemeanor
DWI convictions were not admissible for the purposes of impeachment. The admissible felony
DWI convictions would, however, carry the inference under this record that there had been
previous misdemeanor DWI convictions regardless of remoteness. The misdemeanor driving
while license suspended conviction was an offense not involving moral turpitude. See Stephens,
417 S.W.2d at 288 n.1. It was not available for impeachment under Rule 609.

 The assault involved in the misdemeanor assault conviction of February 12, 1997,
was shown to have been committed upon Mary Sanchez, a woman. Such a conviction is one of
moral turpitude. See Hardeman v. State, 868 S.W.2d 404, 407 (Tex. App.--Austin 1993, pet.
ref'd). Thus, this conviction was useable for impeachment of appellant. A misdemeanor assault
conviction not shown to have been committed upon a female is not one involving moral turpitude. 
See Knox v. State, 487 S.W.2d 322, 326 n.2 (Tex. Crim. App. 1972). The record is silent as to
the complainant in the misdemeanor assault conviction of November 20, 1995. (8) This conviction
was not available for impeachment under Rule 609. 

 There is also the unadjudicated misdemeanor assault charge against appellant
involving Mary Sanchez. This evidence of a pending case was not available for impeachment
purposes under Rule 609. An examination of the record shows that on cross-examination of
appellant, the prosecutor, without objection, asked appellant why he beat Mary Sanchez. 
Appellant explained in some detail that Mary would come home drunk, (9) that she would be "mad"
at everyone, that she would attack him, and on one occasion she broke his glasses, then she would
fall down, and later call the police and accuse him of assault. Appellant explained that he would
plead guilty because he had no favorable witnesses to call in his behalf. On re-direct examination,
much of the same testimony was reiterated.

 This leaves appellant's misdemeanor conviction for bail jumping on November 28,
1995. See Tex. Penal Code Ann. § 38.10 (West 1994). This offense involves the culpable mental
states of "intentionally and knowingly" among the elements of the offense. Id. The offense
involves deceit and deception. Although we have found no authority directly in point, we
conclude the offense is one involving moral turpitude. See Muniz v. State, 575 S.W.2d 408, 411
(Tex. Civ. App.--Corpus Christi 1978, writ ref'd n.r.e.). (10) This conviction was available for
impeachment purposes. As can be seen, we are confronted with a mixed bag of convictions, some
that were admissible under Rule 609 and some that were not.

 We now examine the rest of the record before this Court. The trial court gave a
limiting instruction to the jury in the court's charge. The prior convictions were limited to the
credibility of appellant's testimony, and the jury was told not to consider "the same for any other
purpose." We presume that the jury obeyed the trial court's instructions. See Lewis, 933 S.W.2d
at 180.

 In his jury argument, the prosecutor made only a passing reference to appellant's
criminal record, mentioning only his "felony record." The prosecutor did not ask the jurors to
consider any of the misdemeanor convictions in passing on appellant's credibility as a witness.

 During the cross-examination of Lisa S , the complainant's sister, appellant
elicited from the witness that appellant had committed the same act on her as he did on the
complainant. As observed earlier, appellant does not challenge the sufficiency of the evidence to
sustain the convictions.

 After a thorough review of the record, we cannot say that the error in the admission
of evidence under the "false impression" exception to Rule 609 had more than a slight influence
on the verdict. Appellant's substantial rights were not affected. See Tex. R. App. P. 44.2(b). 
The second point of error is overruled.

 The judgments are affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Jones, Yeakel and Onion*

Affirmed 

Filed: February 11, 1999

Publish

















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Amended by Act of May 29, 1995, 74th Leg., R.S. ch. 318, § 17, 1995 Tex. Gen. Laws
2734, 2737, since amended by Act of May 28, 1997, 75th Leg., R.S., ch. 1286, § 2, 1997 Tex.
Gen. Laws 4911.
2. Two other district courts have jurisdiction in Caldwell County. The 207th Judicial District
Court's terms coincide with those of the 22nd Judicial District Court. See Tex. Gov't Code Ann.
§ 24.386(d)(2) (West 1988). The 274th Judicial District Court has six-month terms beginning the
second Tuesdays in February and August each year. See Tex. Gov't Code Ann. § 24.451(b)
(West 1988). 
3. Article 28.061 has since been amended. See Act of May 12, 1997, 75th Leg., R.S., ch. 289,
§ 1, 1997 Tex. Gen. Laws 1304. The 1997 amendment is not applicable to appellant's case.
4. See Nix v. State, 882 S.W.2d 474, 475-76 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd).
5. In May 1997, the legislature amended articles 28.061 and 32.01. See footnotes 1 and 3. 
Article 28.061 currently provides:


 If a motion to set aside an indictment, information, or complaint for failure to
provide a speedy trial is sustained, the court shall discharge the defendant. A
discharge under this article is a bar to any further prosecution for the offense
discharged and for any other offense arising out of the same transaction, other than
an offense of a higher grade that the attorney representing the state and prosecuting
the offense that was discharged does not have the primary duty to prosecute.


Tex. Code Crim. Proc. Ann. art. 28.061 (West Supp. 1999) (emphasis added). 


 Article 32.01 now provides:


 When a defendant has been detained in custody or held to bail for his appearance
to answer any criminal accusation before the district court, the prosecution, unless
otherwise ordered by the court, for good cause shown, supported by affidavit, shall
be dismissed and the bail discharged, if indictment or information be not presented
against such defendant on or before the last day of the next term of the court which
is held after his commitment or admission to bail or on or before the 180th day
after the date of commitment or admission to bail, whenever date is later.



Tex. Code Crim. Proc. Ann. art. 32.01 (West Supp. 1999) (emphasis added).
6. We do know the offenses occurred on June 10, 1995 and that appellant was indicted on
January 6, 1996.
7. See Tex. R. Evid. 104.
8. The State asserts in its brief that the complainant was Mary Sanchez which rendered the
conviction admissible for impeachment. Assertions in appellate briefs not supported by the record
cannot be accepted as fact. See Vanderbilt, 629 S.W.2d at 717.
9. Mary Sanchez admitted in her testimony that she was a drinker, had been arrested for public
intoxication, and had been in a bar alone drinking beer on the night in question.
10. The term "moral turpitude" has been discussed in Duncan v. Board of Disciplinary Appeals,
898 S.W.2d 759, 761 (Tex. 1995); In Re Humphreys, 880 S.W.2d 402, 407 (Tex.), cert. denied,
115 S. Ct. 427 (1994); In the Matter of G. M. P., 909 S.W.2d 198, 208 (Tex. App.--Houston
[14th Dist.] 1995, no writ); Hardeman, 868 S.W.2d at 405; Polk v. State, 865 S.W.2d 627 (Tex.
App.--Fort Worth 1993, pet. ref'd).



BR2">













* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Amended by Act of May 29, 1995, 74th Leg., R.S. ch. 318, § 17, 1995 Tex. Gen. Laws
2734, 2737, since amended by Act of May 28, 1997, 75th Leg., R.S., ch. 1286, § 2, 1997 Tex.
Gen. Laws 4911.
2. Two other district courts have jurisdiction in Caldwell County. The 207th Judicial District
Court's terms coincide with those of the 22nd Judicial District Court. See Tex. Gov't Code Ann.
§ 24.386(d)(2) (West 1988). The 274th Judicial District Court has six-month terms beginning the
second Tuesdays in February and August each year. See Tex. Gov't Code Ann. § 24.451(b)
(West 1988). 
3. Article 28.061 has since been amended. See Act of May 12, 1997, 75th Leg., R.S., ch. 289,
§ 1, 1997 Tex. Gen. Laws 1304. The 1997 amendment is not applicable to appellant's case.
4. See Nix v. State, 882 S.W.2d 474, 475-76 (Tex. App.--Houston