TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00095-CR







John Charles Naef, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR96-211, HONORABLE JACK ROBISON, JUDGE PRESIDING








 Appellant was convicted of capital murder and sentenced to life imprisonment. See
Tex. Penal Code Ann. § 19.03(a)(7)(A) (West 1994) (multiple murders in same transaction) &
§ 12.31(a) (West 1994) (if State does not seek death, penalty is life imprisonment). Appellant
brings three points of error contending the trial court erred (1) in admitting evidence of extraneous
offenses in the form of possession of short-barrel firearms; (2) in admitting evidence of a prior
arrest showing possession of a firearm, knife, brass knuckles and methamphetamine; and (3) by
denying a motion to set aside the indictment and discharge for delay. We will overrule these
points and affirm the conviction. 


FACTUAL BACKGROUND

 Appellant does not challenge the sufficiency of evidence, therefore only a brief
description of facts is needed. In March 1996 the bodies of John Patrick Lamb and Kelly
Dougherty, the woman with whom he lived, were found at their rural mobile home in Comal
County. As Sheriff's deputies were investigating the scene, appellant drove up in a pickup truck. 
A search of his pickup truck revealed a .38 caliber revolver with a shortened barrel, which tests
revealed to be the murder weapon. The deputies also found several items of Lamb's property in
appellant's possession: the keys to his residence, his .44 caliber handgun, his portable phone, a
red metal security box in which Lamb kept valuables including drugs and money, and Lamb's
briefcase containing important records. Appellant also had taken a Toyota pickup truck belonging
to Lamb. When he was arrested, appellant told the deputies that he knew about the bodies. While
being booked into the jail, appellant volunteered that he had been present when Lamb shot
Dougherty and then killed himself. He also volunteered to a corrections officer that he had
witnessed a murder-suicide. At trial, the medical examiner testified about the location and angle
of the entry wound on Lamb's head, estimated the distance from which the shot was fired based
on the stippling pattern of the gunpowder residue, and then gave his opinion that the wound was
not self-inflicted. The evidence showed that the initial investigators found preparations for
disposal of the bodies, including the wrapping of the bodies with one being placed in a large metal
pressure tank with the end cut off and with another such container being available for the other
body.

 Appellant testified at trial that after each of the decedents had been shot in the head
in his presence, he did not call for help from emergency medical services or law enforcement, but
removed money from Lamb's wallet, searched for and found the red metal box in which Lamb hid
his valuables, discovered it to be locked, took the box to his own house in San Antonio and cut
the lock off, and took Lamb's truck. He admitted that after Lamb and Dougherty were dead 
Lamb's friends had called the home to inquire about the whereabouts of Lamb and Dougherty, and
appellant lied to them and invented a story that they were on a shopping trip in Del Rio.

 A friend and business associate of Lamb's, Valentine Villarreal, described
the relationship between appellant, Lamb, and himself. Villarreal related that Lamb had just
completed a sale of ten ounces of methamphetamine for $20,000 at the time of his death. 
Villarreal had introduced appellant to Lamb, and testified that appellant modified firearms as a
trade. Appellant was a mechanic and had worked on vehicles and heavy equipment for Lamb.


ADMISSION OF WEAPONS FOUND IN SEARCH OF APPELLANT'S HOME

 In his first point of error, appellant contends that the trial court erred by admitting
into evidence certain weapons seized in a search of appellant's home shortly after his arrest. The
officers were searching for the lock that had been cut off the lockbox appellant had taken from
Lamb's property. The weapons were a sawed-off 12 gauge shotgun, a sawed-off .22 rifle and,
in a case, two SKS assault rifles, one with a sawed-off barrel, the other with a bayonet and a
collapsible stock that converts into a pistol grip. Also in the case were five magazines, each of
which would hold fifty rounds of ammunition. Appellant objected on the ground that since the
weapons had been modified so as to make them prohibited weapons, admitting them permitted 
the State to show the commission of an extraneous offense simply to show his character. He
contends that this is error under Rule 404(b). Tex. R. Evid. 404(b).

 The State contends that this evidence helps counter appellant's defensive theories
and explanations of the evidence. Appellant testified that the weapon found in his truck and which
was proved to be the murder weapon was not his but belonged to the victim, John Patrick Lamb. 
The State argues that showing appellant's possession of the prohibited weapons found in his home
shows that its theory--that appellant brought the murder weapon with its sawed-off barrel to the
murder scene--is more likely and that the evidence shows appellant had access to other illegally
modified weapons such as those found. In addition, the State offered the weapons to rebut
appellant's witnesses' testimony that he was a peaceable person. 

 We review a court's ruling on the admissibility of evidence under an abuse of
discretion standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). We will
not reverse such a ruling so long as it falls "within the 'zone of reasonable disagreement.'" Id. at
102 (quoting Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)).
Moreover, error may not be predicated upon a ruling which admits or excludes evidence unless
a substantial right of the party is affected. See Tex. R. Evid. 103(a). 

 The ownership and possession of the murder weapon, which had been modified by
having the barrel shortened, was clearly in dispute. Appellant testified that the gun was Lamb's
and that Lamb used it to kill Dougherty and to commit suicide. The State's theory was that
appellant brought the gun with him to commit the crime, and killed both people with it. The
possession of other similarly modified weapons by appellant could arguably have some bearing
on the issue. We conclude that the trial court did not abuse its discretion in admitting the modified
weapons which had been found in appellant's home. The first point of error is overruled.


Extraneous Offenses in Rebuttal

 In appellant's second point of error, he contends that the trial court erred by
overruling his objection to admitting evidence of extraneous offenses that occurred two years
before the capital murder for which he was on trial. See Tex. R. Evid.404(b).

 As in the point considered above, we review a ruling on admissibility of evidence
under an abuse of discretion standard. We will not reverse such a ruling so long as it is within
the "zone of reasonable disagreement." See Montgomery v. State, 810 S.W.2d at 391.

 Over appellant's objection, a deputy sheriff testified that he stopped appellant in
1994 for a traffic offense, and in a search of appellant's automobile, found a sawed-off shotgun,
methamphetamine, brass knuckles, a stun gun, pepper spray, and a knife. The State argues that
the evidence was properly admitted after appellant testified and denied that he was in possession
of a sawed-off shotgun when he was arrested in 1994. The State contends that testimony about
the shotgun is proper to directly counter appellant's denial of possessing it, and that it is proper
impeachment to show that he is lying or in error in the matter. The State also contends that the
other evidence is proper to rebut appellant's witnesses. His wife testified that in the thirty-seven
years she had known appellant he had never been violent to anyone and had never been aggressive
toward her. His sister testified that appellant is not a violent or aggressive person, but on the
contrary, that as a child appellant was passive and peaceful. The State argues that when an
accused creates a false impression about his nature as a law abiding citizen or his propensity for
committing criminal acts, that he has opened the door for the State to present rebuttal evidence.
The State argues that possession of the types of weapons found in the 1994 arrest is inconsistent
with the idea of appellant being a peaceable person. The State emphasized at trial that the weapons
modifications made by appellant were all done to make it easier to shoot people. The State refers
to Delk v. State, 855 S.W.2d 700, 704 (Tex. Crim. App. 1993), in which the court states the rule
that "[w]here the witness creates a false impression of law abiding behavior, he 'opens the door'
on his otherwise irrelevant past criminal history and opposing counsel may expose the falsehood."

 On direct examination, appellant had testified that he had used methamphetamine
in the past and he acknowledged the arrest in 1994 for possession of methamphetamine and that
he had been placed on probation for ten years for that offense. On cross-examination, he admitted
that he was found with brass knuckles but denied having a sawed-off shotgun at the time. 

 Appellant has not separated his objections and arguments on this issue, but joins
together his objection to evidence consisting of pictures of the items found in a consensual search
of his automobile in 1994. Appellant admitted possessing methamphetamine at that time. He
denied possession of a loaded sawed-off shotgun, which is shown in the pictures. Appellant does
not make specific arguments about the rest of the weapons in the pictures. We believe that the
trial court was acting within his discretion in admitting the evidence of the shotgun as direct
rebuttal of appellant's denial of possession of that weapon. As to the other weapons, along with
the shotgun, we believe that the trial court did not abuse its discretion in admitting those to rebut
the impression appellant presented of himself as a peaceable and law-abiding person. The second
point of error is overruled. 

Trial Court's Refusal to Dismiss for Delay

 In his third point of error, appellant contends that the trial court erred in denying
his motion to set aside the indictment and to discharge him because of the delay between his arrest
and indictment. He invokes a statutory provision which he contends requires the trial court to
dismiss the indictment with prejudice in such circumstances. Appellant refers us to article 32.01
of the Code of Criminal Procedure, and to Norton v. State, 918 S.W.2d 25 (Tex. App.--Houston
[14th Dist.] 1996), pet. dism'd improvidently granted, 969 S.W.2d 3 (Tex. Crim. App. 1998). 
We have previously decided this precise issue adversely to appellant's position. Lopez v. State,
No. 3-97-00661-CR (Tex. App.--Austin February 11, 1999, no pet.); Ex parte Crowder, 959
S.W.2d 732 (Tex. App.--Austin 1998, pet. ref'd). The trial court did not err in overruling
appellant's motion.

 Having overruled appellant's three points of error, we affirm the judgment of the
trial court. 


 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: May 27, 1999

Do Not Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



tends that the
other evidence is proper to rebut appellant's witnesses. His wife testified that in the thirty-seven
years she had known appellant he had never been violent to anyone and had never been aggressive
toward her. His sister testified that appellant is not a violent or aggressive person, but on the
contrary, that as a child appellant was passive and peaceful. The State argues that when an
accused creates a false impression about his nature as a law abiding citizen or his propensity for
committing criminal acts, that he has opened the door for the State to present rebuttal evidence.
The State argues that possession of the types of weapons found in the 1994 arrest is inconsistent
with the idea of appellant being a peaceable person. The State emphasized at trial that the weapons
modifications made by appellant were all done to make it easier to shoot people. The State refers
to Delk v. State, 855 S.W.2d 700, 704 (Tex. Crim. App. 1993), in which the court states the rule
that "[w]here the witness creates a false impression of law abiding behavior, he 'opens the door'
on his otherwise irrelevant past criminal history and opposing counsel may expose the falsehood."

 On direct examination, appellant had testified that he had used methamphetamine
in the past and he acknowledged the arrest in 1994 for possession of methamphetamine and that
he had been placed on probation for ten years for that offense. On cross-examination, he admitted
that he was found with brass knuckles but denied having a sawed-off shotgun at the time. 

 Appellant has not separated his objections and arguments on this issue, but joins
together his objection to evidence consisting of pictures of the items found in a consensual search
of his automobile in 1994. Appellant admitted possessing methamphetamine at that time. He
denied possession of a loaded sawed-off shotgun, which is shown in the pictures. Appellant does
not make specific arguments about the rest of the weapons in the pictures. We believe that the
trial court was acting within his discretion in admitting the evidence of the shotgun as direct
rebuttal of appellant's denial of possession of that weapon. As to the other weapons, along with
the shotgun, we believe that the trial court did not abuse its discretion in admitting those to rebut
the impression appellant presented of himself as a peaceable and law-abiding person. The second
point of error is overruled. 

Trial Court's Refusal to Dismiss for Delay

 In his third point of error, appellant contends that the trial court erred in denying
his motion to set aside the indictment and to discharge him because of the delay between his arrest
and indictment. He invokes a statutory provision which he contends requires the trial court to
dismiss the indictment with prejudice in such circumstances. Appellant refers us to article 32.01
of the Code of Criminal Procedure, and to Norton v. State, 918 S.W.2d 25 (Tex. App.--Houston
[14th Dist.] 1996), pet. dism'd improvidently granted, 969 S.W.2d 3 (Tex. Crim. App. 1998). 
We have previously decided this precise issue adversely to appellant's position. Lopez v. State,
No. 3-97-00661-CR (Tex. App.--Austin February 11, 1999, no pet.); Ex parte Crowder, 959
S.W.2d 732 (Tex. App.--Austin 1998, pet. ref'd). The trial court did not err in overruling
appellant's motion.

 Having overruled appellant's three points of error, we affirm the judgment of the
trial court. 


 

 Mack Kidd, Justice

Before Chief Justice A